

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**SEEMA KASSAB**
*Assistant Corporation Counsel*
phone: (212) 356-0827
fax: (212) 356-3509
skassab@law.nyc.gov

February 9, 2023

**VIA ECF**
Honorable Nicholas G. Garaufis
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Carlton Roman v. City of New York, et al.
      22-cv-6681 (NGG) (CLP)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, William Pepey, John Loguercio, Gerard Fiorenza, Catharine Lomuscio, Richard Schaeffer, Robert Masters, and Francesco Catarisano (collectively, the "defendants") in this action. Defendants respectfully submit this letter requesting a pre-motion conference in anticipation of defendants' fully dispositive motion to dismiss the Amended Complaint.[1] Pursuant to Your Honor's Individual Practice Rule V(A)(3), defendants also respectfully request an extension of 30 days to answer the Amended Complaint after the Court's decision on its anticipated motion to dismiss, if it is not granted in its entirety.[2]

  **A. Background**

  In March 1989, plaintiff was arrested and then subsequently prosecuted for Murder in the Second Degree, among other charges, in connection with a shooting that took place at Paul Anderson's residence, leaving one victim dead and the other with critical injuries. See Amended

---

[1] On February 8, 2023, Plaintiff filed a purported "Second Amended Complaint." See Docket No. 22. However, plaintiff did not seek defendants' consent nor the Court's leave to do so pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Therefore, defendants respectfully submit that plaintiff's "Second Amended Complaint" is improper and a nullity.

[2] For the sake of brevity, defendants address a majority of their anticipated arguments in this letter, but reserve the right to raise additional arguments in their anticipated motion to dismiss.

Complaint ("AC") at ¶¶ 54, 60. Plaintiff was identified as the perpetrator by an eye-witness, Paul Anderson, as well as the injured, surviving victim, Jomo Kenyatta, among others. See id. at ¶¶ 72, 84-87. Plaintiff was indicted by a grand jury and convicted after a jury trial in 1990. See id. at ¶¶ 37, 80. Plaintiff's conviction was overturned on August 9, 2021. See id. at ¶ 240. Plaintiff now brings this lawsuit alleging claims, pursuant to 42 U.S.C. § 1983, of false arrest, malicious prosecution, fabrication of evidence, denial of due process, civil conspiracy and municipal liability, as well as New York state law claims of false arrest, malicious prosecution, negligent infliction of emotional distress, and negligent hiring, against the City of New York, seven former members of the New York City Police Department and four former prosecutors of the Queens County District Attorney's Office.

### B. All Claims Against the ADA Defendants Should Be Dismissed

Plaintiff asserts claims of denial of due process, civil conspiracy, false imprisonment, and negligent infliction of emotional distress against the individual defendants who are former ADAs, including defendants Lomuscio, Catarisano, Schaeffer, and Masters ("ADA defendants"). In addition to the fact that the claims asserted against the ADA defendants all fail for the reasons outlined below, all the allegations against these defendants relate to their conduct as prosecutors. Therefore, they are entitled to prosecutorial immunity because it is well settled that absolute immunity protects prosecutors from both state and federal claims in a § 1983 suit. Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009). Accordingly, all of the ADA defendants should be dismissed from this action.

### C. Plaintiff's False Arrest and False Imprisonment Claims are Time-Barred

Plaintiff's false arrest and false imprisonment claims are barred by the statute of limitations. The statute of limitations for plaintiff's federal false arrest claim is three years. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); N.Y. C.P.L.R. § 214(5). The statute of limitations begins to run "at the time the claimant becomes detained due to legal process" Wallace v. Kato, 549 U.S. 384, 397 (2007). Therefore, a federal false arrest claim accrues at the time of arraignment, which for plaintiff occurred on March 18, 1989. See AC at ¶ 77. Therefore, plaintiff's federal false arrest claim is time-barred by the applicable three-year statute of limitations period.

Under New York State law, New York's General Municipal Law requires that a claim against New York City or its employees must be "commenced within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. L. § 50-i(1). A state law false arrest claim accrues at the time of arraignment and release on bail. See Huff v. State, 27 A.D.2d 892, 892 (N.Y. App. Div. 1967). Plaintiff posted bail and was released sometime between March 18, 1989 and April 13, 1989. See AC at ¶ 81. Accordingly, plaintiff's state law false arrest claim is also time-barred by the applicable one year and 90 days statute of limitations. Even if plaintiff's false arrest/imprisonment claims were not time-barred, these claims should still be dismissed because there was probable cause, and at least arguable probable cause, to arrest plaintiff based on, *inter alia*, the multiple eyewitness identifications of plaintiff as the perpetrator.

#### D. **Plaintiff's Malicious Prosecution Claims Should Be Dismissed**

Plaintiff alleges claims of malicious prosecution against the individual defendants who are former members of NYPD, including defendants Pepey, Palermo, Loguercio, Fiorenza, O'Brian and Byrne ("NYPD defendants"). First, all the NYPD defendants, besides Detective Pepey, should be dismissed with regards to this claim for lack of personal involvement. Plaintiff must prove initiation as one of the elements of this claim and plaintiff has not pled sufficient facts to establish that any other NYPD defendant other than Detective Pepey initiated the prosecution against plaintiff.

Nevertheless, the malicious prosecution claim against Detective Pepey should still be dismissed because plaintiff has not alleged sufficient facts to demonstrate a lack of probable cause, particularly where plaintiff was independently identified by multiple witnesses as the perpetrator. At the very least, Detective Pepey is entitled to qualified immunity.

Plaintiff's claims also fail because plaintiff has not pled sufficient facts to overcome the presumption of probable cause created by the grand jury indictment. An "indictment by a grand jury creates a presumption of probable cause that may <u>only</u> be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." <u>Savino v. City of New York</u>, 331 F.3d 63, 72 (2d Cir. 2003) (quoting <u>Colon v. New York</u>, 468 N.Y.S.2d 453, 456 (1983)) (emphasis in original).

#### E. **Plaintiff's Fabrication of Evidence and Denial of Due Process Claims Should Be Dismissed**

Plaintiff alleges that defendants fabricated evidence and, therefore, deprived him of due process. To prevail on a fabrication of evidence claim, a plaintiff must show that "an (1) investigating official (2) fabricates information (3) of a material nature that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." <u>Garnett v. Undercover Officer C0039</u>, 838 F.3d 265, 279 (2d Cir. 2016).

As an initial matter, plaintiff has not pled sufficient facts to establish the personal involvement of NYPD defendants Palermo, Loguercio, Fiorenza, and Lane with respect to these claims and, therefore, they should be dismissed against them. Additionally the ADA defendants should be dismissed from the denial of due process claim based on prosecutorial immunity.

Nonetheless, these claims should be dismissed against Detective Pepey because any fabrication or concealment he is alleged to have made was not sufficiently material in nature. Plaintiff alleges, <i>inter alia</i>, Detective Pepey performed flawed identification procedures with Anderson and Kenyatta, attributed an unnoticed statement to Andrea Witter, and failed to document certain parts of the investigation. <u>See</u> <u>id.</u> at ¶¶ 272, 293. However, plaintiff has not alleged the materiality of said fabricated/concealed evidence in light of the fact that plaintiff was known to the witnesses and that three separate witnesses independently identified the plaintiff as the perpetrator. Plaintiff also alleges that defendants O'Brian and Byrne testified falsely as to the

3

timing of the shooting and police response. Notwithstanding that these defendants' testimony at trial is not a sufficient basis upon which to assert a fabrication of evidence claim, plaintiff has also not, and cannot, allege that such evidence is sufficiently material. Therefore, these claims should also be dismissed against defendants Pepey, O'Brian, and Byrne.

### F. Plaintiff's Negligent Infliction of Emotional Distress Claim Should Be Dismissed

Plaintiff alleges a negligent infliction of emotional distress ("NIED") claim against all the defendants arising out of plaintiff's alleged false arrest and malicious prosecution. However, plaintiff cannot assert an NIED claim based on an intentional act, such as an arrest. Ortiz v. Ardolino, No. 19 CV 69 (ILG)(ST), 2021 U.S. Dist. LEXIS 97387 at *6 (E.D.N.Y. May 21, 2021). Throughout the Amended Complaint, Plaintiff alleges that his arrest and prosecution were the result of wrongful and *intentional* acts of the defendants, and not their negligence. Therefore, the NIED claim should be dismissed against all defendants. In addition, plaintiff's claim is time-barred and superseded by other claims.

### G. Plaintiff's Negligent Hiring Claims Should Be Dismissed

Plaintiff alleges two claims of negligent hiring against the City of New York based on (1) the conduct of the employees of the QCDA and (2) the conduct of employees of the NYPD. However, when an employee's tort indisputably occurred within the scope of his or her employment, giving rise to the employer's vicarious, *respondeat superior* liability, it is well established that no viable cause of action exists for negligent hiring, retention, training or supervision. Segal v. St. John's University, 69 A.D.3d 702 (2nd Dep't 2010). Plaintiff's negligent hiring claims fail because he alleges that all the defendants acted within the scope of their employment. See AC at ¶¶ 19 - 29.

### H. Plaintiff's Civil Conspiracy Claim Should Be Dismissed

Plaintiff alleges that all the defendants conspired to frame and falsely arrest plaintiff for the shooting and to suppress *Brady/Giglio/Rosario* material. As explained above, the ADA defendants are entitled to prosecutorial immunity and cannot be liable for conspiracy. Neither can the NYPD defendants be alleged to have conspired with one another under the intra-corporate conspiracy doctrine. This doctrine generally bars liability when the alleged conspirators work for the same organization. Hoffman v. Nassau County Police Dep't, No. 06-CV-1947 (SJF) (AKT), 2008 U.S. Dist. LEXIS 35377, at *15 (E.D.N.Y. Apr. 30, 2008) (citing Girard v. 94th St. & Fifth Ave. Corp., 530 F.2d 66, 71 (2d Cir. 1976)). Therefore this claim should be dismissed against all defendants.

### I. Plaintiff's Municipal Liability Claims Should Be Dismissed

Plaintiff alleges that his conviction was the result of (1) inadequate office-wide policies and practices in the Queens County DA's Office, and (2) *de facto* policies and practices of the NYPD that encourage violations of constitutional rights. Where a plaintiff has failed to establish a violation of his or her constitutional rights, there is no basis for a claim of municipal liability. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Therefore, plaintiff's municipal liability

4

claims fail because, not only is his claim conclusory in nature, but he has not pled sufficient facts to support an underlying constitutional violation.

  Defendants thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ *Seema Kassab*

Seema Kassab
Assistant Corporation Counsel

cc: All Counsel (By E.C.F.)