

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **SEEMA KASSAB**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-0827<br>fax: (212) 356-3509<br>skassab@law.nyc.gov |

May 4, 2023

**VIA ECF**
Honorable Cheryl L. Pollak
United States Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Carlton Roman v. City of New York, et al.</u>
     22-cv-6681 (NGG) (CLP)

Your Honor:

  I represent defendants City of New York, John Loguercio, William Pepey, Gerard Fiorenza, Leonard Palermo, Patrick O'Brian, Dennis Byrne, Catharine Lomuscio, Richard Schaeffer, Robert Masters, and Francesco Catarisano ("Defendants") in the above-referenced matter. On April 19, 2023, this Office received notice of a subpoena Plaintiff intended to serve on the Queens County District Attorney's Office ("QCDA"), demanding production of numerous files and documents by May 11, 2023. For the reasons set forth below, Defendants move to quash the subpoena.

  By way of background, Plaintiff brings this action against Defendants asserting a variety of civil rights violations stemming from his arrest on March 17 1989 related to a shooting near 168th St and 110 Avenue in Queens, the subsequent prosecution, and the vacatur of his resulting criminal conviction. As noted above, on April 20, 2023, plaintiff served the QCDA with a subpoena demanding production of a significant number of documents, encompassing nine (9) categories of documents, including, for example, among other things, the entirety of files for prosecutions related to individuals other than the plaintiff. (<u>See</u> Ex. 1). Defendants now move to quash the subpoena for the reasons explained below.

  As an initial matter, Plaintiff's subpoena should be quashed because the proper method to obtain such documents is through discovery pursuant to Federal Rule of Civil Procedure 34. The subpoena at issue here was served upon the QCDA, the former employer of a number of the defendants, including Assistant District Attorney ("ADA") Catherine Lomuscio, ADA Richard Schaeffer, ADA Francesco Catarisano, and ADA Robert Masters, who this office represents in their capacity as Assistant District Attorneys. Subpoenas under F.R.C.P. 45 are not intended to

allow parties to circumvent the regular discovery process outlined under Rules 26 and 34. <u>Burns v. Bank of Am.</u>, 2007 U.S. Dist. LEXIS 40037, at *46 (S.D.N.Y. June 4, 2007); <u>Forsythe v. Midland Funding LLC</u>, No. 18 CV 03276 (ARR) (CLP), 2019 U.S. Dist. LEXIS 8568, at *5 (E.D.N.Y. Jan. 17, 2019). Additionally, a subpoena is not usually served upon a party to an action. <u>DiFrancesco v. Win-Sum Ski Corp.</u>, No. 13CV148, 2017 U.S. Dist. LEXIS 24784, at *10 (W.D.N.Y. Feb. 22, 2017). This Office currently represents three former employees of the QCDA, and therefore, the QCDA is a client agency of the Office. Accordingly, any request for documents from the QCDA must be directed at this Office through the regular discovery process, and not via subpoena.

Second, at the March 1, 2023 premotion conference, in light of Defendants' anticipated motion to dismiss the Third Amended Complaint, Judge Garaufis stayed all discovery, including paper discovery, except for the depositions of witnesses who need to be deposed promptly based on the fear of losing them due to age or distance. (<u>See</u> Docket Entry No. 39 at Exhibit 1). As Your Honor may recall, in response to Plaintiff's April 6, 2023 letters where Plaintiff sought clarification on whether discovery was to proceed, Defendants provided Your Honor with a copy of the relevant portion of the transcript from the March 1, 2023 conference which included Judge Garaufis's ruling on discovery. (<u>See</u> Docket Entry No. 39). Accordingly, because discovery in this case was previously stayed by the Court, Plaintiff's request for documents via subpoena, which constitutes discovery, is inappropriate and should be quashed. <u>See</u> <u>Akande v. Philips</u>, 386 F. Supp. 3d 281, 298 (W.D.N.Y. 2019) (most jurisdictions hold that a Rule 45 subpoena constitutes discovery). <u>See also</u>, <u>Draper v. U.S. Postal Serv.</u>, No. 3:18CV00009, 2018 U.S. Dist. LEXIS 101968, 2018 WL 2423002, at *2 (W.D. Va. May 29, 2018) (stating that "subpoenas are discovery devices and, as such, are generally subject to the provisions of Federal Rule of Civil Procedure 26(d) governing the start of discovery," and denying the issuance of subpoenas because "discovery is premature"), *aff'd*, 740 F. App'x 315 (4th Cir. 2018); <u>Jefferson Pilot Life Ins. Co. v. Marietta Campbell Ins. Grp</u>*., LLC*, No. CV 07-1359 (ADM/RLE), 2008 WL 11349715, at *9 (D. Minn. Apr. 10, 2008) (stating that "Rule 45 Subpoenas are a form of discovery which is subject to the Rules which constrain discovery," and granting motion to quash because discovery was premature), *objections overruled*, 2008 U.S. Dist. LEXIS 61511, 2008 WL 3582751 (D. Minn. Aug. 12, 2008); *accord Sampson v. Medisys Health Network, Inc.*, No. CV 10-1342 (SJF)(ARL), 2010 U.S. Dist. LEXIS 84568, 2010 WL 11678005, at *1 (E.D.N.Y. Aug. 17, 2010) (granting motion to quash subpoenas because "discovery is premature in the case" and since "a party may not seek discovery from any source until the parties have conferred as required by <u>Rule 26(f)</u>").

Accordingly, for the reasons set forth herein, Plaintiff's April 20, 2023 subpoena to the QCDA should be quashed and the QCDA should be relieved of its obligation to respond to same.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/ *Seema Kassab*
Seema Kassab
*Assistant Corporation Counsel*
Special Federal Litigation Division

- 3 -

cc: <u>Via ECF</u>
James Henning
Denise Dessel
*Attorneys for Plaintiff*