

**LAW OFFICES OF**
# JAMES HENNING
### & ASSOCIATES

May 5, 2023

**VIA ECF**
Honorable Cheryl Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                                      **RE:** Carlton Roman v. City of New York, et al.
                                                  22-cv-6681 (NGG)(CLP)

Your Honor:

I represent Plaintiff-Carlton Roman in the above-referenced matter and write pursuant to Your Honor's Order of May 5, 2023, directing Plaintiff to respond to Defendants' motion to quash his April 20, 2023, subpoena.

Initially, on April 7th, Your Honor issued an Order that "[d]ocumentary discovery regarding plaintiff's non-Monell claims are *ordered to proceed.*" (Emphasis added). That Order post-dated the March 1st pre-motion conference before Judge Garaufis and was issued after Your Honor also had an opportunity to hear from both sides at the March 29th conference *directed by Judge Garaufis.* Your Honor may recall that, on the 29th, counsel for Defendants attempted to revive an application to stay all discovery initially made before Judge Garaufis and denied the same day in a written Order he issued. Counsel's motion to quash constitutes an inappropriate attempt to revisit a clear judicial ruling, namely, this Court's Order of April 7th denying Defendants' (second) application to stay all discovery.

Counsel for Defendants contacted the undersigned on May 1st requesting that Plaintiff withdraw his subpoena because "[counsel's] understanding is that discovery is currently stayed pursuant to Judge Garaufis's ruling at the premotion conference," and stating, "[i]f you do not agree to withdraw [the subpoena], I will be moving to quash."

Judge Garaufis issued a written Order on the evening of March 1st after hearing argument at the pre-motion conference earlier that day. His Order directed the parties to arrange a conference before Your Honor. At that conference, *Your Honor denied Defendants' second application to stay all discovery.* Nevertheless, to ensure adherence to this Court's directives, the undersigned requested clarification. The result was Your Honor's written Order of April 7th confirming that documentary discovery unrelated to Plaintiff's Monell claim could proceed. Neither Judge Garaufis' written Order of March 1st nor Your Honor's written Order of the 7th were unclear and, indeed, *no clarification of either written Order was sought by either party.*

Nevertheless, counsel for Defendants has elected to rely on Judge Garaufis's remarks at the pre-motion conference rather than the written Order he issued later that day or the written Order

Your Honor issued over a month later. *Notably, unlike the undersigned, counsel declined to seek clarification when her "understanding" of Judge Garaufis's ruling conflicted with his written Order.* In response to counsel's request that Plaintiff withdraw his subpoena, the undersigned directed her to Your Honor's Order of April 7th, which *should have* clarified that her understanding was incorrect. Instead of abiding by this Court's ruling, counsel has, for the second time in the relatively early stages of this matter, improperly attempted to renew an application that was denied in writing by this Court. Notably, in the same communication, and notwithstanding Defendants' claimed understanding concerning the stay of all discovery, counsel for Defendants agreed to *receive* documentary discovery by the medium proposed by Plaintiff.

The transcript of the pre-motion conference makes clear that counsel for Defendants applied for a stay of all discovery and the undersigned opposed. After hearing from both sides, Judge Garaufis stated that he had "no problem staying broad discovery of the Monell claim." His subsequent written Order, issued after the pre-motion conference on the evening of March 1st, read as follows: "Discovery regarding the Plaintiff's Monell claim is stayed pending resolution of the instant motion. The parties are DIRECTED to contact Magistrate Judge Pollak's chambers to discuss discovery on the other outstanding claims." That is, Judge Garaufis's written Order stayed discovery on *the Monell claim* but nothing else.

Even after counsel for Defendants renewed the application to stay *all* discovery at the conference before Your Honor, and that application was *again* denied, the undersigned sought clarification of Your Honor's Order given that Judge Garaufis's written Order was not in precise alignment with his statements on the record. The result was this Court's Order that *documentary discovery on all of Plaintiff's claims aside from the Monell claim proceed.* By serving the subpoena Defendants seek to quash, Plaintiff has merely adhered to the written Orders of this Court.

Defendants do not claim that Plaintiff's subpoena inappropriately seeks materials in support of the Monell claim but, rather, ask this Court to substitute its Order in favor of their interpretation that Judge Garaufis's remarks on the record constituted a ruling that takes precedent over two subsequent written Orders issued by this Court. The undersigned respectfully submits that this Court's written Order of April 7th disposes of Defendants' motion in its entirety. Defendants' motion is yet another transparent attempt to prohibit Plaintiff from seeking discovery while Defendants prepare a motion to dismiss his claims and should be denied.

Respectfully submitted,

JAMES HENNING
Law Offices of James Henning & Associates
Attorneys for Plaintiff
(718) 717-2454
jhenning@jhenninglaw.com

2