UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARLTON ROMAN,

                Plaintiff,

        -against-                                **ORDER**
                                                    22 CV 6681 (NGG) (CLP)

THE CITY OF NEW YORK, *et al.,*

                Defendants.
-----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

        On November 2, 2022, plaintiff Carlton Roman commenced this action against defendants The City of New York, Catherine Lomuscio, and numerous former NYPD detectives and police officers, including several unnamed officers, alleging, *inter alia*, claims of malicious prosecution and false imprisonment under federal and state law, relating to plaintiff's arrest in 1989 and his resulting prosecution and conviction. (ECF No. 1). Plaintiff subsequently filed three amended complaints adding several Queens County Assistant District Attorneys as defendants, adding other facts, and correcting a defendant's name. (See ECF Nos. 7, 22, 25).

        Currently pending before this Court are: (1) plaintiff's Motion for Leave to depose certain witnesses; and (2) defendants' Motion to Quash a subpoena directed at the Queens County District Attorney's Office ("Queens County DA's Office"). (ECF Nos. 35, 42). For the reasons set forth below, the Court grants plaintiff's motion. The Court also grants defendants' Motion to Quash, but defendants are Ordered to produce the records sought in the subpoena.

1

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was convicted in 1990 on various felony charges, including murder in the second degree. (Compl.[1] ¶ 37). He was sentenced and served 31 years in prison until he was exonerated in 2021 based on evidence compiled by the Conviction Integrity Unit. (Id. ¶ 9). At that time, the Queens County DA's Office joined in a motion to vacate his conviction, which was ultimately adopted by the court. (Id. ¶¶ 9, 245). The various defendants in the instant civil case, including the arresting detective and the trial prosecutor, were allegedly involved in the events surrounding plaintiff's arrest, conviction, and sentencing. (Id. ¶¶ 2, 5, 7-8). Plaintiff alleges that he was wrongfully arrested and convicted as a result of the defendants' egregious police misconduct, failure to investigate, false statements in court, and other misconduct. (Id. ¶¶ 1-8). Accordingly, plaintiff alleges thirteen causes of action, pursuant to 42 U.S.C. § 1983 and state law, alleging malicious prosecution, evidence fabrication, denial of due process, Monell municipal liability, civil conspiracy, false arrest, false imprisonment, negligent infliction of emotional distress, and negligent hiring, training, and supervision. (See Compl.).

Following the filing of the Third Amended Complaint, the parties appeared before the Honorable Nicholas G. Garaufis for a pre-motion conference regarding the defendants' anticipated motion to dismiss. (Minute Entry, dated Mar. 1, 2023). The district court set a briefing schedule for the motion to dismiss, but stayed discovery regarding plaintiff's Monell claim pending resolution of the motion to dismiss. (Id.) The court directed the parties to contact the undersigned "to discuss discovery on the other outstanding claims." (Id.) Thereafter, on March 29, 2023, the parties appeared before the undersigned for an Initial Conference, during which the Court directed the parties to issue briefing on an ongoing dispute regarding the

---

[1] Citations to "Compl." refer to the Third Amended Complaint filed on February 14, 2023, ECF No. 25.

deposition of certain witnesses. (Minute Entry, dated Mar. 31, 2023). Additionally, the Court denied defendants' request to stay all discovery in the case. A settlement conference was scheduled for May 25, 2023.

Soon after the Initial Conference, plaintiff filed a letter asking for clarification as to whether documentary discovery regarding plaintiff's non-Monell claims should proceed. (ECF No. 34). By Order dated April 7, 2023, this Court made it clear that documentary discovery regarding plaintiff's non-Monell claims was ordered to proceed. (Electronic Order, dated Apr. 7, 2023).

By letter dated April 6, 2023, plaintiff filed a Motion for Leave to depose certain witnesses (ECF No. 35) ("Pl.'s Mot."), and defendants filed their response on April 20, 2023 (ECF No. 39) ("Defs.' Resp."). Then, by letter dated May 4, 2023, defendants filed the instant Motion to Quash a subpoena directed to the Queens County DA's Office (ECF No. 42) ("Mot. to Quash"), and plaintiff responded on May 5, 2023 (ECF No. 43) ("Pl.'s Resp.").

DISCUSSION

I. Discovery on the Non-*Monell* Claims Has Not Been Stayed

In opposing plaintiff's Motion for Leave to Depose Certain Witnesses, defendants request that this Court reconsider its April 7, 2023 Order permitting the parties to continue with discovery on the non-Monell claims. (Defs.' Resp. at 1). Defendants argue that the undersigned's Order conflicts with the district court's Order entered during the March 1, 2023 pre-motion conference, at which time defendants contend the judge stayed all discovery except for limited depositions. (Id.) In support of their argument, defendants attached to their responsive letter a partial transcript of the pre-motion conference. (ECF No. 39-1). Defendants maintain that during the pre-motion conference, the district court had "stayed all discovery, with

3

the exception of depositions of witnesses who need to be deposed promptly based on the fear of losing them due to age or distance." (Defs.' Resp. at 2 (citing Mar. 1, 2023 Tr. at 16-17)).

First, the Court notes that according to the transcript provided by defendants, during the pre-motion conference, counsel for defendants requested a stay of discovery, noting that "there are Monell claims in this case and discovery, in terms of Monells [sic], would be very, very . . . extensive due to the nature of this case . . . ." (ECF 39-1 at 15). In response, the district court stated that he had "no problem staying broad discovery on the Monell claim but this is a 30-year-old prosecution, and people die . . . and I don't want to lose witnesses who might testify at a trial or might be important in reaching a settlement . . . ." (Id. at 16). Thus, as the transcript makes clear, the court's ruling with regard to a stay occurred in the context of a discussion of a request to stay Monell discovery; he did not order a stay of all discovery.

Moreover, the district court's minute entry immediately following the March 1, 2023 conference clearly states that discovery was stayed only as to the Monell claims:

> Minute entry for proceedings held before Judge Nicholas G. Garaufis. Pre-motion conference held on March 1, 2023. Counsel for Plaintiff and counsel for Defendant present. The court GRANTED Defendant's 23 request for leave to file a motion to dismiss. Briefing schedule for the motion set as follows: opening motion by May 26, 2023; opposition by June 26, 2023; and reply, if any, by July 17, 2023. **Discovery regarding the Plaintiff's Monell claim is stayed pending resolution of the instant motion. The parties are DIRECTED to contact Magistrate Judge Pollak's chambers to discuss discovery** *on the other outstanding claims.* (Minute Entry, dated Mar. 1, 2023) (emphasis added).

Now having also reviewed the transcript, in conjunction with the subsequent minute entry, the undersigned reiterates the earlier ruling that discovery is to proceed except to the extent that the parties are seeking Monell discovery; for such Monell claims, discovery is allowed only with respect to plaintiff's depositions of certain witnesses.

Accordingly, the Court reiterates that documentary discovery regarding plaintiff's non-Monell claims has **not** been stayed and **may** proceed at this juncture.

4

II.     Motion for Leave to Depose Certain Witnesses

Plaintiff seeks to depose four individuals: (1) Lieutenant Frank Torres ("Lt. Torres"), (2) Queens County District Attorney Melinda Katz ("DA Katz"), (3) Alice Vachss, Esq. ("Ms. Vachss"), and (4) James Quinn, Esq. ("Mr. Quinn"). Defendants argue that because the district court stayed discovery, the only individual that may be deposed is Ms. Vachss, as she is elderly. (Defs.' Resp. at 1-2). Therefore, defendants consent to plaintiff deposing Ms. Vachss, but they object to plaintiff's request to depose Lt. Torres, DA Katz, and Mr. Quinn. (Id. at 1). Plaintiff argues that it is necessary to depose all four individuals given that the Queens County DA's Office certified in 2015 that they lost the entire file for plaintiff's prosecution. (Pl.'s Mot. at 5). Plaintiff further asserts that the Queens County DA Office has also refused to produce many documents that are relevant to plaintiff's claims, including, *inter alia,* the report issued by the Conviction Integrity Unit ("CIU") that ultimately led to the vacatur of plaintiff's conviction. (Id. at 11). Furthermore, Assistant District Attorney Alexis Celestin ("ADA Celestin"), who was responsible for the CIU's reinvestigation and for the preparation of the ultimate report, is no longer available to testify because she passed away in 2022. (Id. at 5, 13).

Specifically, plaintiff notes that in 2021, the state court granted a joint motion vacating plaintiff's conviction, and based on an application by DA Katz, dismissed the underlying indictment. (Id. at 2). ADA Celestin had submitted an Affirmation in support of the motion, detailing several pieces of new evidence, including that a witness had testified falsely at plaintiff's trial. (Id.) DA Katz had presented this new evidence to the state court, stating that "there is no longer reliable evidence that would support [Plaintiff's] conviction." (Id.) Plaintiff argues, however, that aside from one piece of evidence, all of the other "new" pieces of evidence specified in support of the motion to vacate were not actually new and were instead already

5

known to the Queens County DA's office. (Id. at 3-5). Further, plaintiff claims that the Queens County DA's Office "has refused to disclose the ultimate CIU report or other materials compiled by the Unit detailing the information presented for DA Katz's consideration that led to her 'ultimate decision' that Plaintiff's conviction was based on unreliable evidence and should be vacated." (Id. at 11-12). Thus, plaintiff asserts, the Queens County DA's Office has suppressed "a substantial amount of relevant evidence uncovered by the CIU . . . in favor of relying on the 'new' evidence referenced on the record." (Id. at 12).

### A. Ms. Vachss

Plaintiff wishes to depose Ms. Vachss, who was the former Chief of the Queens County DA's Office's Special Victims Bureau and supervisor in 1991 to defendant Catherin Lomuscio, who was the trial attorney in plaintiff's case. (Id. at 6). Ms. Vachss had provided documents demonstrating that she had advised others in the DA's Office of defendant Lomuscio's unsuitability for prosecutorial work. (Id.) Plaintiff seeks to depose Ms. Vachss in order to elicit testimony that executives at the Queens County DA's Office were aware of, and ignored, Lomuscio's conduct and the lack of training. (Id. at 14). Given that Ms. Vachss is elderly, defendants consent to plaintiff deposing her. Thus, the Court grants plaintiff's Motion for Leave to depose Ms. Vachss and directs that she be deposed within the next 60 days.

### B. Lt. Torres

Plaintiff also seeks to depose Lt. Torres, a former member of the NYPD and current member of the Queens County DA's Office, who is soon set to retire. (Id. at 7, 13). Plaintiff seeks to question Lt. Torres regarding information that he provided to ADA Celestin during the CIU reinvestigation of plaintiff's conviction. According to plaintiff, Lt. Torres informed ADA Celestin of information he had learned about misconduct, and the use of questionable

6

investigative methods, by Detective Pepey, the officer who arrested plaintiff in 1989. (Pl.'s Mot. at 7, 13). Although defendants object to Lt. Torres' deposition as beyond the scope of the district court's Order, Lt. Torres' testimony relates directly to plaintiff's own claims and is not barred by the stay, which as already noted earlier, was only as to plaintiff's Monell claims. Since the district court did not stay all discovery as to the non-Monell claims, and because Lt. Torres will soon retire and his testimony is clearly relevant to plaintiff's various claims concerning his wrongful arrest and conviction, plaintiff's Motion for Leave to depose Lt. Torres is granted.

    C. DA Katz

Plaintiff argues that since the Queens County DA's Office has refused to fully disclose the information and evidence obtained by the CIU, and ADA Celestin is unavailable, DA Katz is the only person who can explain what her office knew and considered in making the ultimate decision that the conviction and underlying indictment should be vacated. (Id. at 13). The Court finds that DA Katz is a key witness here for plaintiff's non-Monell claims and therefore her deposition should proceed. Thus, the Court also grants plaintiff's Motion for Leave to depose DA Katz.

    D. James Quinn

Finally, plaintiff wishes to depose James Quinn, the former Queens County Executive Assistant District Attorney, who, at one point, allegedly encouraged defendant Lomuscio to resign. (Id. at 6). Plaintiff argues that it is necessary to depose Mr. Quinn because the Queens County DA's Office has not provided any further information regarding Quinn's discussion with defendant Lomuscio, and Lomuscio herself testified that she did not know when or why he encouraged her to resign. (Id. at 6, 14). Plaintiff states that he would limit his inquiries to Mr. Quinn's knowledge regarding defendant Lomuscio until full discovery resumed. (Id. at 14).

7

Presumably then, Mr. Quinn's deposition would be for the purposes of supporting plaintiff's Monell claims if the motion to dismiss those claims is denied.

Plaintiff does not specify whether Mr. Quinn is elderly, but it appears that he retired from the DA's Office in 2019.[2] Moreover, plaintiff's arrest and conviction occurred over 30 years ago, and it is therefore possible that Mr. Quinn made such remarks decades ago. To preserve Mr. Quinn's testimony, the Court Orders that his deposition should proceed. Accordingly, the Court grants plaintiff's Motion to Leave to depose Mr. Quinn.

### III. Motion to Quash

Defendants move to quash plaintiff's subpoena directed at the Queens County DA's Office demanding the production of certain files and documents. (Mot. to Quash at 1). The subpoena encompasses several categories of documents, including the entire prosecutorial file for plaintiff, the entire prosecutorial file for Hollis Laylor (plaintiff's co-defendant, for whom all charges were dismissed in 1994[3]), and performance evaluations and other documents concerning defendant Lomuscio's performance and the cases she prosecuted.[4] (ECF No. 42-1).

Defendants argue that the subpoena should be quashed for two reasons. First, they argue that plaintiff's subpoena was served upon the Queens County DA's Office, the former employer of several defendants in this matter, and therefore any request for documents should be directed to defendant's counsel through the regular discovery process, pursuant to Federal Rule of Civil

---

[2] David Russell, *Former ADA Quinn runs for boro prez*, Queens Chronicle (Jan. 9, 2020), https://www.qchron.com/editions/queenswide/former-ada-quinn-runs-for-boro-prez/article_e12da02c-1b8f-5fdc-b0a3-e5e59b9c31e7.html.

[3] See Pl's Mot. at 5 n.7.

[4] Other categories of documents requested include documents generated by a particular Assistant District Attorney regarding plaintiff's indictment and the documents generated post-conviction, the entire prosecutorial file for Antonio Tomas (one of the only civilian witnesses to testify against plaintiff at trial (See Pl's Mot. at 2 n.2.)), and the final report from the Conviction Review Unit recommending that the Queens County District Attorney join plaintiff's motion to vacate. (ECF No. 42-1).

8

Procedure 34, rather than by a subpoena. (Mot. to Quash at 1-2). Second, defendants again argue that the district court had stayed all discovery during the March 1, 2023 pre-motion conference, and therefore plaintiff's subpoena, which is a request for documents and therefore discovery, is inappropriate at this time. (Id. at 2). Plaintiff's response letter does not address defendants' first argument regarding whether the subpoena to the Queens County DA's Office was proper, and instead, primarily argues that defendants are again attempting to prohibit plaintiff from seeking discovery while the defendants are preparing their motion to dismiss. (Pl.'s Resp. at 2).

With respect to defendants' argument that all discovery has been stayed, the Court has rejected this argument several times. For the reasons already explained in Part I, *supra*, discovery on plaintiff's non-Monell claims has not been stayed. However, defendants are correct that the request for documents should have been submitted to their counsel instead of by way of a subpoena addressed to the Queens County DA's Office. Accordingly, defendants' Motion to Quash is granted.

Notwithstanding the Court's ruling granting the Motion to Quash, the Court finds that the documents requested are relevant to plaintiff's non-Monell claims. Given that discovery as to the non-Monell claims has not been stayed, the Court Orders defendants to produce the documents requested in the subpoena from the Queens County DA's Office in three weeks.

## CONCLUSION

Accordingly, plaintiff's Motion for Leave to depose the four individuals discussed above is granted. Defendant's Motion to Quash the subpoena duces tecum addressed to the Queens DA's Office is granted. However, the Court construes the subpoena to be a request for

9

production of documents, and defendants are Ordered to produce the documents requested in three weeks.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       May 15, 2023

                                        /s/ Cheryl L. Pollak
                                        CHERYL L. POLLAK
                                        United States Magistrate Judge
                                        Eastern District of New York