

LAW OFFICES OF
# JAMES HENNING
& ASSOCIATES

**VIA ECF**

Honorable Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plz E.
Brooklyn, New York 11201

                                                RE:    <u>Carlton Roman v. The City of New York</u>
                                                         Case Number: 22-cv-6681(NGG) (CLP)

Your Honor:

      I represent Plaintiff-Carlton Roman in the above referenced matter and write to request a conference with the Court, at the earliest possible convenient time, for the reasons specified below.

      Your Honor issued a detailed order on May 15, 2023, making clear that discovery is to proceed in this matter. As it relates to Plaintiff's <u>Monell</u> claim, however, discovery was stayed with the exception that Plaintiff has been permitted to depose Mrs. Vachss, DA Katz, Lt. Torres, and James Quinn. Your Honor's order made clear that all discovery had *not* been stayed by the District Court on March 1, 2023, and that Defendants' argument regarding all discovery being stayed has been rejected "several times." Your Honor's order directed Plaintiff to depose Mrs. Vachss within sixty (60) days.

      Defendants have recently informed Plaintiff that they intend to file a Rule 72 Motion requesting a stay of your Honor's May 15th discovery order and suggested postponing the depositions Plaintiff has scheduled in accordance with that order because, "it may all be moot once [they] file [their] motions."

      Plaintiff was prohibited from deposing Mrs. Vachss during the pendency of Defendants' motion to quash, which also effectively constituted a second application to stay all discovery. Upon receipt of Your Honor's May 15th order, Plaintiff immediately sought to coordinate with counsel for Defendants and with Mrs. Vachss in line with the Court's concern regarding the preservation of testimony by elderly witnesses. Counsel for Defendants was unable to offer any response of substance concerning any of the depositions this Court permitted during a telephone call with the undersigned on the 15th. The same day, Mrs. Vachss selected a date she will be visiting New York and available for an in-person deposition. Upon receipt of notice, counsel for Defendants opposed the date chosen because of her belief that "[t]his deposition does not need to be in-person" and because she will be on a flight "most of the day."

      Counsel for Defendants has previously communicated with co-counsel for Plaintiff by e-mail *about this case*. However, on the 16th, counsel for Defendants declined to communicate with co-counsel for Plaintiff by e-mail about Mrs. Vachss's deposition because co-counsel "is not an attorney of record in this case." Accordingly, the undersigned—who is counsel of record for Plaintiff—reached out by telephone but was sent directly to voicemail and left a message. Counsel for Defendants did not respond and, on the 18th, claimed by e-mail that this was because counsel does not "feel comfortable communicating with [the undersigned] any other way." Counsel also erroneously claimed that, "[t]he Order granting [Plaintiff] leave to depose [Vachss, Katz, Torres, and Quinn] was just granted this week," and that she has been "working diligently on [coordination] while working on 3 motions for this case," referencing both the since-denied motion to quash, her anticipated Rule 72 Motion, and her anticipated motion to dismiss. This Court may recall that it explicitly advised Defendants at the conference before it that completion of counsel's motion to dismiss was an insufficient basis to delay discovery in this matter.

      Defendants have now explicitly communicated to Plaintiff that they are "prepared to work with [Plaintiff] on Vachss's deposition ***only*** as of right now…" (emphasis added). Thus, Defendants are again attempting to delay discovery and flagrantly disregard a clear order of this Court.

      Defendants attempted to have Plaintiff unilaterally "postpone" the dates for the depositions of DA Katz and Lt. Torres. While claiming they would work with Plaintiff regarding the deposition of Mrs. Vachss, they have offered illusory

reasons for their unavailability on the proposed date for her deposition. In short, Defendants have granted themselves a stay of discovery in direct violation of Your Honor's order and claim their anticipated Rule 72 Motion provides them the right to do so. Alternatively, they refuse to communicate while prioritizing that motion to frustrate the progression of court ordered discovery and then object that they are not being consulted regarding scheduling. Plaintiff objects to their conduct and seeks to abide by Your Honor's order in the interest of progressing this case.

      Defendants have frustrated Plaintiff's ability to proceed consistent with the Court's ruling. Accordingly, Plaintiff respectfully requests a conference with this Court, at the earliest possible convenient time, to resolve these issues and prohibit the delay tactics being employed. Plaintiff thanks the Court for its time and consideration.

Sincerely,

*James D. Henning*

James D. Henning, Esq.<br>
Attorney for Plaintiff<br>
Law Offices of James Henning & Associates<br>
86 Livingston Street<br>
Brooklyn, New York 11201

**CC:**     Seema Kassab<br>
           Attorney for Defendants<br>
           Assistant Corporation Counsel<br>
           100 Church Street<br>
           New York, New York 10007