

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | SEEMA KASSAB<br>*Assistant Corporation Counsel*<br>phone: (212) 356-0827<br>fax: (212) 356-3509<br>skassab@law.nyc.gov |
|---|---|---|

May 23, 2023

**VIA ECF**
Honorable Cheryl L. Pollak
United States Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Carlton Roman v. City of New York, et al.</u>
                22-cv-6681 (NGG) (CLP)

Your Honor:

      I represent defendants City of New York, John Loguercio, William Pepey, Gerard Fiorenza, Leonard Palermo, Patrick O'Brian, Dennis Byrne, Catharine Lomuscio, Richard Schaeffer, Robert Masters, and Francesco Catarisano ("Defendants") in the above-referenced matter. In that capacity, and for the reasons set forth below, Defendants write to respectfully request: (1) a stay of Your Honor's May 15, 2023 Order, with the exception of the deposition of former ADA Alice Vachss, in light of Defendants' Rule 72 Motion which was filed earlier today; (2) an adjournment of the deposition of Alice Vachss, to a date and time when the undersigned, Plaintiff's counsel, and the witness are available, and an additional thirty days, from July 14, 2023 to August 14, 2023 to complete Ms. Vachss's deposition; and (3) an adjournment of the June 9, 2023 settlement conference to a date convenient for the Court after July 10, 2023. Last, Defendants write to briefly address certain misrepresentations made in Plaintiff's May 19, 2023 letter to Your Honor.

**Stay of the Court's May 15, 2023 Discovery Order**

      As the Court is likely aware, earlier today, Defendants filed a motion pursuant to Rule 72 of the Federal Rules of Civil Procedure, requesting that the District Court set aside Your Honor's May 15, 2023 Order permitting Plaintiff to engage in a large breadth of discovery, including both deposition and paper discovery, which Defendants believe contradicts Judge Garaufis's March 1, 2023 discovery order. A stay of Your Honor's May 15, 2023 discovery order is necessary because the exact issue of the scope of discovery is currently pending before Judge Garaufis.

      To that end, since May 15th, Plaintiff's counsel, James Henning, has already subpoenaed Queens County District Attorney Melinda Katz, former ADA Alice Vachss and Lt. Frank Torres

for depositions to go forward in the coming weeks. The undersigned communicated to Mr. Henning the fact that I needed time to coordinate the availability and representation of the witnesses he has subpoenaed and seeks to depose before their depositions can be scheduled. Since then, Mr. Henning served the undersigned with a letter to provide to DA Katz to coordinate a date for her deposition. Based on this letter, it appears that Mr. Henning is willing to work with the undersigned to coordinate the deposition of DA Katz; however, that has not been the case with the other witnesses as he has subpoenaed them for depositions, despite the fact that representation still needs to be determined for most of them.

Additionally, as Your Honor is aware, pursuant to Your Honor's May 15, 2023 Order, Defendants were also directed to produce a large volume of documents to Plaintiff by June 5, 2023, and this exact issue is also raised in Defendants' Rule 72 Motion which is currently pending before Judge Garaufis.

Accordingly, Defendants respectfully request that the Court's May 15, 2023 Order be stayed pending a decision by Judge Garaufis on Defendants' Rule 72 motion.[1]

**The Deposition of Alice Vachss**

In addition, Defendants write to respectfully request an adjournment of former ADA Vachss's deposition to a date and time that is mutually agreeable and convenient for the undersigned, Plaintiff's counsel, and the witness.  As Your Honor likely recalls, pursuant to the Court's May 15, 2023 Order, the deposition of former ADA Vachss was directed to go forward within the next 60 days, or by July 14, 2023. Immediately following the Court's May 15th Order, on May 16, 2023, without contacting or conferring with the undersigned to attempt to schedule Ms. Vachss's deposition for a mutually agreeable date, the undersigned received notice from Plaintiff's counsel's office that they already confirmed a date with Mrs. Vachss for her deposition to go forward on May 31, 2023. While Defendants consented to going forward with Ms. Vachss's deposition at this stage of the litigation, May 31, 2023 is a date when the undersigned will be out of town and traveling on a flight from out of state. I contacted Mr. Henning immediately to advise him that I was unavailable that day due to previously scheduled travel out of state.  With the understanding that Ms. Vachss lives out of state and there is desire to depose her in the coming weeks, I advised Mr. Henning that, to the extent an in-person deposition could not be arranged, Defendants consent to the deposition going forward virtually. I further reiterated that because the deposition could be video-taped and would be transcribed by a Court reporter, there was no prejudice in rescheduling the deposition for a date when I could attend.

Notwithstanding, Mr. Henning has refused to reschedule the deposition and continues to state that someone else from my office should attend in my place.  Defendants, however, maintain that the undersigned has the right to be present for Ms. Vachss's deposition.  As Your Honor is aware, this is a complex case involving a prosecution which is more than 30 years old, and the undersigned has been the attorney assigned to this case from its inception.  Additionally, I have

---

[1] As noted later in this letter, Defendants are not requesting a stay of the deposition of former ADA Alice Vachss, which was ordered by Your Honor in the May 15, 2023 Order.  As explained herein, however, Defendants are requesting separate relief regarding her deposition.

also been involved with the litigation Plaintiff has brought in the Court of Claims and therefore, the knowledge I have on this case cannot be simply replaced by having a colleague appear at Ms. Vachss's deposition in my stead. Accordingly, Defendants respectfully request that Ms. Vachss's deposition be rescheduled for a date and time when Plaintiff's counsel, the witness and I are all available.

To the extent the Court is inclined to grant this request, and while the undersigned will make every effort with Mr. Henning and Ms. Vachss to reschedule her deposition as soon as possible, Defendants, in an abundance of caution, respectfully request an additional thirty (30) days, from July 14, 2023 to August 14, 2023, to complete Ms. Vachss's deposition. The reason for this request is the undersigned was recently assigned to try the case of Lambros Vassiliou v. City of New York, et al., 18-CV-779 (EK)(VMS), which is scheduled to begin on June 20, 2023 before The Honorable Eric Komitee. That trial is expected to last two weeks. Accordingly, the undersigned is going to be engaged in significant trial preparation in the weeks before. Shortly thereafter, the undersigned has a pre-scheduled vacation out of the country, and will be out of the office from July 3 until July 7, 2023. Therefore, in light of the scheduling conflicts, the undersigned respectfully requests an adjournment of Ms. Vachss' May 31, 2023 deposition to a date and time convenient for the undersigned, Plaintiff's counsel, and Ms. Vacchs, and an additional 30 days, until August 14, 2023 to complete that deposition.

**Adjournment of the June 9, 2023 Settlement Conference**

Furthermore, Defendants respectfully request an adjournment of the settlement conference currently scheduled for June 9, 2023 until after July 10, 2023. Given the complexity of this case and the motion practice that is currently underway, including Defendants' Rule 72 motion and Defendants' Motion to Dismiss of which briefing begins on May 26, 2023, Defendants require additional time to evaluate this case and obtain authority before appearing at a settlement conference. Additionally, given the undersigned's jury trial and vacation mentioned above, the undersigned will not be prepared to go to a settlement conference until sometime after July 10, 2023. The undersigned conferred with Plaintiff's counsel regarding this request, and he opposed an adjournment of the settlement conference as "an attempt to further delay this case."

**Response to Plaintiff's Letter Dated May 19, 2023**

Finally, Defendants write to clarify and briefly address misrepresentation made in Plaintiff's May 19, 2023 letter to Your Honor. (See ECF No. 46).

As an initial matter, Mr. Henning stated in his letter that the undersigned suggested postponing the depositions based on her Rule 72 motion and that she was only willing to coordinate ADA Vachss's deposition. This is flatly inaccurate; rather, the undersigned explained to Plaintiff's counsel that she was prepared to schedule Ms. Vachss's deposition as that did not require coordination with another attorney because Ms. Vachss did not request representation. With respect to coordinating the depositions of Lt. Torres and former Executive ADA Quinn, the undersigned was not yet prepared to coordinate those depositions with Plaintiff's counsel because representation, which was requested by each of those witnesses, is still being coordinated. The undersigned explained that once representation was finalized, I was prepared to coordinate the scheduling of those depositions. Finally, with respect to the deposition of DA Katz, as explained

above, I advised Mr. Henning that it was unlikely her deposition could be coordinated on such short notice and that it would require time to coordinate same given her position. To that end, as noted above, it appears Mr. Henning now understands that with respect to DA Katz.

Additionally, Plaintiff's counsel further makes statements that the undersigned in essence refused to communicate with Mr. Henning's colleague, Carissa Caukin. To clarify, Ms. Caukin is the individual who emailed the undersigned on May 16, 2023 regarding ADA Vachss's deposition, which was scheduled without consulting the undersigned. Rather than responding directly to Ms. Caukin, I responded to Mr. Henning because, at that time, Ms. Caukin was not an attorney of record. Accordingly, I wanted to communicate my unavailability with counsel of record. Counsel's comments suggesting that I was being disrespectful to Ms. Caukin are entirely misplaced.

Finally, Mr. Henning appears to take issue with the fact that the undersigned prefers to communicate with him via email. While the undersigned is not opposed to speaking with Mr. Henning by telephone, most communications have resulted in Mr. Henning accusing me of wrongdoing and therefore, in an effort to avoid any miscommunications, I have resulted in communicating with Mr. Henning via email.

## **Conclusion**

For the foregoing reasons, Defendants respectfully request: (1) a stay of Your Honor's May 15, 2023 Order, with the exception of the deposition of former ADA Alice Vachss, in light of Defendants' Rule 72 Motion which was filed earlier today; (2) an adjournment of the deposition of Alice Vachss, to a date and time when the undersigned, Plaintiff's counsel, and the witness are available, and an additional thirty days, from July 14, 2023 to August 14, 2023 to complete Ms. Vachss's deposition; and (3) an adjournment of the June 9, 2023 settlement conference to a date convenient for the Court after July 10, 2023.

Defendants thank the Court for its time and consideration herein.

Respectfully submitted,

/s/ *Seema Kassab*
Seema Kassab
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:  Via ECF
     All counsel of record