Assigned Docket No. 22-cv-6681 (NGG) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLTON ROMAN,

                                          Plaintiff,

-against-

CITY OF NEW YORK, ET AL.,

                                          Defendants.

**PLAINTIFF'S REPLY AND
OPPOSITION TO DEFENDANTS'
FED. R. CIV. P. 72 MOTION**

**Carissa Caukin, Esq.**
Attorney for Plaintiff
Law Offices of James Henning & Associates
86 Livingston Street
Brooklyn, New York 11201

Date of service: June 6, 2023

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES……………………………………………………………..…i

I.  RELEVANT PROCEDURAL HISTORY……………………………………....1

II. DEFENDANTS' MOTION SHOULD BE DENIED IN ITS ENTIRETY……….2

   A. DEFENDANTS' APPLICATION TO STAY ALL DISCOVERY HAS BEEN CONSISTNETLY DENIED……………………………………………….3

   B. JUDGE POLLAK'S ORDER GRANTING PLAINTIFF'S MOTION TO DEPOSE LT. TORRES, DA KATZ, AND MR. QUINN WAS CORRECTLY DECIDED..........................................................................................…5

   C. JUDGE POLLAK'S ORDER DEMANDING THAT DEFENDANTS PRODUCE THE DOCUMENTS AT ISSUE WAS CONSISTENT WITH THE LAW………………………………………………………….……8

III. CONCLUSION…………………………………………………………..10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

Bd. of Trs. of the S. Cal. Ibew-Neca Defined Contribution Plan v. Bank of N.Y. Mellon Corp.,
2011 U.S. Dist. LEXIS 30780
(S.D.N.Y. Mar. 24, 2011)……………………………………………………………………3

Bogan v. Northwestern Mut. Life Ins. Co.,
163 F.R.D. 460, 463 (S.D.N.Y. 1995)……………………………………………….…2, 5

Doe v. City of New York,
2018 U.S. Dist. LEXIS 209704
(E.D.N.Y. Dec. 12, 2018)………………………………………………………………3, 4, 5

GBML LLC v. M2B Invs., Ltd.,
2022 U.S. Dist. LEXIS 148417
(E.D.N.Y. Aug. 18, 2022)………………………………………………………………….4

Lederman v. N.Y. City Dep't of Parks & Rec.,
731 F.3d 199, 203 (2d Cir. 2013)……………………………………………………….6, 7

**Statutes**                                                                                                       **Page(s)**

Fed. R. Civ. P. 26……………………………………………………………………….…2

Fed. R. Civ. P. 26(c)………………………………………………………………………4

Fed. R. Civ. P. 72………………………………………………………………………….3

Fed. R. Civ. P. 72(a)……………………………………………………………………….3

## I.  RELEVANT PROCEDURAL HISTORY

1) On March 1, 2023, a pre-motion conference was held before the Honorable Nicholas Garaufis regarding Defendants' anticipated motion to dismiss. Defendants moved for a stay of all discovery during the pendency of their motion. The District Court **denied** their application and stayed discovery only as to the <u>Monell</u> claim, except that Plaintiff would be permitted to depose certain witnesses who were time sensitive. When Defendants moved to stay all discovery, Judge Garaufis stated, "I have no problem staying ***broad*** discovery on the <u>Monell</u> claim, but this is a 30-year-old prosecution, and people die, so I think you ought to hold a conference with the magistrate judge on this case and identify…which specific witnesses you believe need to be deposed promptly…". (PMC, 16: 14-19)[1] (emphasis added). Directly after the conference, the District Court issued a minute entry stating that <u>Monell</u> discovery was stayed but, "the parties are DIRECTED to contact Magistrate Judge Pollak's chambers to discuss discovery on other outstanding claims." (See Minute Entry, dated Mar. 1, 2023). Thus, it was clear that Judge Garaufis stayed discovery only as to the <u>Monell</u> claim, with the exception that *as to the <u>Monell</u> claim*, Plaintiff was permitted to depose certain witnesses given the age of the case. All other discovery was ordered to proceed.

2) A conference was held on March 29th. Defendants improperly moved to stay all discovery *again*, a motion Judge Pollak denied.[2] The subsequent order clearly states, "Defendants' request to stay all discovery is denied". (See Minute Entry, dated March 31, 2023).

---

[1] Hereinafter, references to the March 1, 2023, pre-motion conference transcript will be referenced as "PMC", followed by the page number and the line in which the reference appears.

[2] At the March 29th conference, Defendants even offered the same grounds for their application that they did at the March 1st conference. They claimed that it would be costly and burdensome for the City to proceed with discovery, that many individuals have already been deposed in Plaintiff's Court of Claims case, and that after their Motion to Dismiss is decided, individuals may be dismissed from this case. Judge Pollak explicitly told Defendants that was insufficient basis to delay discovery.

3) To ensure the record was clear and that Plaintiff was properly abiding by Fed. R. Civ. P. 26, ***given that Plaintiff had not received any initial disclosures from Defendants***, Plaintiff filed a letter requesting clarification as to whether non-Monell discovery was stayed. On April 7th, Judge Pollak issued an order stating, "Documentary discovery regarding Plaintiff's non-Monell claims are ordered to proceed." (See Minute Entry, dated April 7, 2023). As noted above, this was a reiteration of the ruling Judge Garaufis originally made on March 1st.

4) On April 6th, Plaintiff moved the Court for leave to depose: (1) Lieutenant Frank Torres, (hereinafter, "Lt. Torres") (2) District Attorney Melinda Katz, (hereinafter, "DA Katz") (3) Alice Vachss, (hereinafter, "Mrs. Vachss") and (4) James Quinn (hereinafter, "Mr. Quinn"). Subsequently, Plaintiff served a subpoena for documents on the Queens County District Attorney's Office (hereinafter, "QCDAO"). On May 4th, Defendants moved to quash the subpoena, erroneously alleging that all discovery was stayed. On May 15th, Judge Pollak issued an order granting Plaintiff's motion to depose all four witnesses, clearly reiterating that Judge Garaufis did *not* stay all discovery, and granting Defendants' Motion to Quash, but also ordering Defendants to produce the records sought by the subpoena. (See Exhibit A, attached hereto). On May 23rd, Defendants filed the instant motion.

## II. DEFENDANTS' MOTION SHOULD BE DENIED IN ITS ENTIRETY

5) A Magistrate Judge's resolution of pretrial discovery disputes may not be disturbed absent a finding that the determination was clearly erroneous or contrary to law. Bogan v. Northwestern Mut. Life Ins. Co., 163 F.R.D. 460, 463 (S.D.N.Y. 1995). An order is clearly erroneous when the reviewing court, "on the entire evidence", is left with the definite and firm conviction that a mistake has been committed. Under the "clearly erroneous" standard, a Magistrate Judge's findings cannot be second-guessed. Bogan, at 463. If a Magistrate

Judge's order has any reasonable support, it cannot be set aside. Id. Given the broad discretion afforded to Magistrate Judges, "a party seeking to overturn a discovery order bears a heavy burden". Doe v. City of New York, 2018 U.S. Dist. LEXIS 209704 (E.D.N.Y. Dec. 12, 2018). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure". Bd. of Trs. of the S. Cal. Ibew-Neca Defined Contribution Plan v. Bank of N.Y. Mellon Corp., 2011 U.S. Dist. LEXIS 30780 (S.D.N.Y. Mar. 24, 2011). For the reasons below, Judge Pollak's order is far from being clearly erroneous or contrary to law. Accordingly, it should not be disturbed.

### A. DEFENDANTS' APPLICATION TO STAY ALL DISCOVERY HAS BEEN CONSISTENTLY DENIED

6) Initially, the May 15th ruling that all discovery had not been stayed was ***not*** a new order. Indeed, Judge Pollak merely ***reiterated*** Judge Garaufis's March 1st ruling:[3]

   a. "having also reviewed the transcript, in conjunction with the subsequent minute entry, the undersigned reiterates the earlier ruling that discovery is to proceed extent that the parties are seeking Monell discovery; for such Monell claims, discovery is allowed only with respect to plaintiff's depositions of certain witnesses." (See Exhibit A, at 4).

7) Thus, Defendants essentially propose that this Court review its ***own*** order of March 1st, in which Judge Garaufis denied Defendants' application. For that reason, the May 15th order on this issue was not new, and Defendants' motion is improper under Fed. R. Civ. P. 72, which provides that a District Court must review objections to a ***Magistrate Judge's*** orders.

8) Even if this Court were to find Defendants' motion is proper, it is untimely. Under Fed. R. Civ. P. 72(a), a party has fourteen days to object to a Magistrate Judge's findings. Here,

---

[3] On May 1st, Defendants advised Plaintiff that they erroneously believed that all discovery had been stayed. Plaintiff directed Defendants to review Judge Pollak's April 7th minute entry order, which clearly states that all discovery has not been stayed. (See Exhibit B, attached hereto).

3

Defendants **first** made this application to **Judge Pollak** on **March 29th** and it was orally denied.[4] Accordingly, the proper time to make this motion would have been by April 12th.

9) Even if Defendants' motion was timely, Judge Pollak's order was not clearly erroneous under Doe, *supra*. Judge Pollak reached her decision by reviewing the March 1st pre-motion conference transcript in conjunction with the subsequent minute entry, both of which clearly state that all discovery has not been stayed. Given that Defendants' renewed motion was orally denied on March 29th and it was reflected in the March 31st and April 7th minute entry orders, the only firm conviction the District Court could possibly be left with is that Defendants are renewing a motion that has been consistently denied since March 1st.[5]

10) Also, Judge Pollak's May 15th order was not contrary to law. Under Fed. R. Civ. P. 26(c), a stay of discovery may be granted for good cause. Courts consider the breadth of discovery and the burden entailed in responding to it, as well as the prejudice to the adverse party. GBML LLC v. M2B Invs., Ltd., 2022 U.S. Dist. LEXIS 148417 (E.D.N.Y. Aug. 18, 2022). Judge Pollak's May 15th order makes clear that she considered that Plaintiff would be prejudiced by a stay of all discovery because this is a thirty year old prosecution, it is necessary to preserve witnesses' testimony, and that many witnesses are elderly and/or retired. Moreover, Judge Pollak expressly rejected Defendants' grounds for their renewed application in her May 15th order. (See Exhibit A, at 9).

---

[4] This was reflected in the subsequent March 31st minute entry order.
[5] Throughout their motion, Defendants offer that they "believed" the District Court stayed all discovery as an excuse for their failure to abide by court orders. (Def. Mtn., at 3 and 7). Defendants easily could have requested clarification from the Court if there was confusion. Plaintiff directed them to Judge Pollak's order when they expressed their inaccurate belief and intent to file the instant motion and Motion to Quash. (See Exhibit B). Instead of seeking clarification as Plaintiff did to ensure adherence to this Court's orders, Defendants chose to interpret Court orders in their own favor despite successive rulings advising them otherwise.

## B. JUDGE POLLAK'S ORDER GRANTING PLAINTIFF'S MOTION TO DEPOSE LT. TORRES, DA KATZ, AND MR. QUINN WAS CORRECTLY DECIDED[6]

### *Lt. Torres*

11) Defendants incorrectly claim that Judge Pollak's order regarding Lt. Torres was outside the scope of the March 1st order.[7] As previously noted, the March 1st stay of discovery was specific to the Monell claim, with the exception that, ***as to the Monell claim***, Plaintiff would be permitted to depose certain witnesses whose testimony is at risk of being lost. Judge Pollak's order explicitly granted Plaintiff's application to depose Lt. Torres because his testimony is relevant to Plaintiff's ***other*** claims. (See Exhibit A, at 7). Therefore, it was not outside the scope of the March 1st order. Even if Lt. Torres's deposition were to be confined to the Monell claim, it fits within the March 1st order, in that he is soon to retire.

12) Judge Pollak's order as to Lt. Torres was not clearly erroneous nor contrary to law. There is reasonable support in the evidence for Judge Pollak's decision. See Bogan, *supra*. Indeed, Judge Pollak considered that Lt. Torres will soon retire, that he had direct knowledge of Detective Pepey's misconduct and informed Assistant District Attorney (hereinafter, "ADA") Celestin about it, and that ADA Celestin is no longer available.[8] It is impossible to construe this decision as a "mistake" and thus it cannot be set aside. See Doe, *supra*.

### *DA Katz*

---

[6] Defendants consent to Mrs. Vachss's deposition, so it need not be addressed.
[7] Defendants allege the order pertaining to Lt. Torres was improper because Lt. Torres's "age, health, or place of residence do not place him at risk of having his testimony lost." (Def. Mtn, at 11).
[8] Detective Pepey was the assigned detective in Plaintiff's criminal case and wrongfully arrested Plaintiff in 1989. ADA Alexis Celestin, of the Conviction Integrity Unit (hereinafter, "CIU") at the QCDAO, led the re-investigation of Plaintiff's conviction and passed away in 2022.

5

13) For the same reasons above, Defendants' argument that DA Katz's deposition is outside the scope of the March 1st order fails.[9] Again, Defendants rely on their own inaccurate interpretation of Court rulings, despite multiple orders to the contrary. Judge Pollak's order makes clear that, "DA Katz is a key witness here for Plaintiff's non-Monell claims and therefore her deposition should proceed". (See Exhibit A, at 7).

14) Additionally, Judge Pollak's order regarding DA Katz is not contrary to law. A party seeking a deposition of a high-ranking official must establish that exceptional circumstances warrant the taking of the deposition. Lederman v. N.Y. City Dep't of Parks & Rec., 731 F.3d 199, 203 (2d Cir. 2013). Exceptional circumstances exist if "the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome…means". Id. Here, ADA Celestin is ***no longer alive***. The ***only*** thing memorializing all the evidence obtained by the CIU that led to vacatur of Plaintiff's conviction is the CIU report that she prepared and provided to DA Katz. ***A report that Defendants are refusing to disclose***. Plaintiff has attempted to uncover the entirety of the evidence that led to the vacatur of his conviction. Indeed, Plaintiff has deposed both QCDAO Detective Investigators who were assigned to the re-investigation. Both testified that they were unaware of the entirety of the evidence that was used to reach the decision to vacate Plaintiff's conviction.[10] Further, the QCDAO has stated that DA Katz was the ***ultimate decision-maker*** regarding Plaintiff's conviction. As such, DA Katz is the only individual who can testify to what evidence she considered in deciding that Plaintiff's

---

[9] Defendants allege that Judge Pollak's order on this issue is outside of the March 1st order because there is no "risk of losing [DA Katz's] testimony due to age, distance, or health." (Def. Mtn., at 9). However, because Judge Pollak explicitly found DA Katz's testimony relevant to Plaintiff's non-Monell claims, whether her testimony is at risk of being lost is not at issue.

[10] These Detective Investigators were deposed in Plaintiff's Court of Claims matter.

conviction should be vacated. Plaintiff cannot obtain this information through other means.[11] These are precisely the exceptional circumstances contemplated by the Second Circuit. Id.

15) Defendants contend that DA Katz is not "the appropriate witness for the testimony Plaintiff seeks." (Def. Mtn., at 9). Initially, this is not their determination to make. While they contend that "DA Katz is clearly not the appropriate witness, as ADA [Bryce] Benjet supervised ADA Celestin's investigation," (Def. Mtn., at 10), Defendants' own written arguments in Plaintiff's companion Court of Claims action, to which Defense counsel is presumably privy, explain that all ADA Celestin's findings were provided to DA Katz, "the ultimate decision maker on whether [Plaintiff's] conviction would be vacated…".

16) Defendants' argument that DA Katz is "not the appropriate witness" because of the mere fact that ADA Celestin had a supervisor is nothing more than an attempt to conceal information. ADA Benjet cannot speculate as to what evidence DA Katz found to be sufficient, or the entirety of what was considered, to overturn Plaintiff's conviction. Defendants are well aware that DA Katz was the ultimate decision-maker here, and it is illogical to assert that a person who did not make that decision could testify about how, why, and on what bases the decision was reached. Accordingly, DA Katz does not just have "unique firsthand knowledge", as Lederman requires, ***she is the one who decided to vacate Plaintiff's conviction***. Judge Pollak's order considered all this information, which proves it was not clearly erroneous.[12]

**_Mr. Quinn_**

---

[11] Plaintiff cannot obtain this information through other means because ADA Celestin is no longer available, the assigned Detective Investigators are unaware of what evidence was considered in determining that Plaintiff's conviction should be vacated, and Defendants refuse to provide the CIU report.

[12] See Exhibit A, at 7. Judge Pollak made no mistake by issuing a decision consistent with the law.

17) Whether Mr. Quinn is construed as a witness for Plaintiff's <u>Monell</u> claim, or his other claims, Judge Pollak's order is correct. Plaintiff is ***not*** seeking Mr. Quinn's testimony only for <u>Monell</u> purposes.[13] Upon information and belief, Mr. Quinn encouraged ADA Catherine Lomuscio (Plaintiff's trial prosecutor) to resign following Plaintiff's trial and after she was inexplicably removed from prosecuting Plaintiff's co-defendant and demoted from a Deputy Bureau Chief position to a line assistant. Thus far, Plaintiff has been unable to determine why, which leaves open the possibility that her resignation was directly related to Plaintiff's conviction. Undoubtedly, that would be relevant to Plaintiff's other claims.

18) Nevertheless, even if Mr. Quinn's testimony were relevant to <u>Monell</u> purposes only, Judge Pollak correctly granted Plaintiff's motion. Judge Pollak specified that Mr. Quinn retired from the QCDAO nearly four years ago, Plaintiff was convicted over thirty years ago, and it is necessary to preserve Mr. Quinn's testimony. (See Exhibit A, at 7-8).[14]

## C. <u>JUDGE POLLAK'S ORDER DEMANDING THAT DEFENDANTS PRODUCE THE DOCUMENTS AT ISSUE WAS CONSISTENT WITH THE LAW</u>

19) Defendants argue that Judge Pollak's order on this issue should be set aside because they allege: (1) it contradicts the March 1st ruling, (2) the documents have been improperly demanded, and (3) the documents are otherwise not discoverable.

20) First, Defendants once again argue that Judge Pollak's order contradicts Judge Garaufis's March 1st ruling because "all discovery has been stayed". (Def. Mtn., at 12). This is yet

---

[13] Defendants inaccurately assume this merely because his testimony may be relevant to Plaintiff's <u>Monell</u> claim. (Def. Mtn., at 11).

[14] Defendants are aware that memories can fade over time. Indeed, in recent testimony, ADA Lomuscio (who is retired and represented by Defense counsel) claimed not to remember why she was encouraged to resign.

8

another example of Defendants willfully interpreting court rulings in their own favor. As Judge Pollak noted, that argument has been rejected several times. (See Exhibit A, at 9).[15]

21) Second, Defendants argue that Plaintiff has not made a proper demand, so they did not have an opportunity to object to producing these documents. On the contrary, Defendants had an opportunity when they filed their Motion to Quash. Defendants could have specified reasons they believed that the documents were otherwise not discoverable, but failed to do so. Plaintiff should not be penalized, nor should Judge Pollak's order be disrupted, because of Defendants' failure to anticipate legal issues.

22) Third, Judge Pollak accurately found that all the documents at issue are discoverable and relevant to Plaintiff's non-Monell claims. ADA Lomuscio's personnel file and performance evaluations are relevant to Plaintiff's other claims; they could show that she committed misconduct in this case as well as other cases recognized by Courts, which would affect her credibility if she testified at a trial. The fact that this could also be relevant to Plaintiff's Monell claim does not negate the fact that it is relevant to Plaintiff's non-Monell claims. Additionally, Defendants' claim that the entire prosecutorial file for Plaintiff's case has already been disclosed to Plaintiff is false. In 2015, the QCDAO certified that they ***lost*** Plaintiff's entire prosecutorial file.[16] Further, Defendants have already made the argument that it is too "burdensome" to provide documentary discovery, which Judge Pollak denied.

---

[15] This argument was rejected by Judge Garaufis on March 1st, and Judge Pollak on March 29th, March 31st, April 7th, and May 15th. Nevertheless, Defendants still contend that all discovery has been stayed, "pursuant to Judge Garaufis and Magistrate Judge Pollak's orders". (Def. Mtn., at 14).

[16] The undersigned submits there is substantial reason to believe Plaintiff's prosecutorial file was not in fact lost, contrary to QCDAO's representations. Since 2015, a number of documents have come to light that were never before disclosed to Plaintiff, calling into question the accuracy of the lost file certification. However, ***if it actually is lost***, there should be absolutely no issue with the demand for this file, because there would be nothing to produce. As this Court can appreciate, there are different consequences for falsely certifying to a Defendant's counsel or a State Court that a file has been lost, as opposed to a Federal Court in a civil rights action. Plaintiff has a right to rule out the possibility that the QCDAO erroneously certified that Plaintiff's case file was lost.

23) Lastly, Defendants allege that the CIU report should not be disclosed because the issue of whether that document is privileged is currently before the Court of Claims. There is no legal basis for Defendants' refusal to produce the CIU report, which is demonstrated by the fact that Defendants provide ***no legal authority for their application*** and failed to assert privilege in their Motion to Quash.

### III.   CONCLUSION

24) For the reasons specified herein, and for any other reasons this Court deems just and proper, Defendants' motion should be denied in its entirety.

Dated:  June 6, 2023
       Brooklyn, NY

Respectfully Submitted,

_____
**Carissa Caukin**, Esq.
Attorney for Plaintiff
Law Offices of James Henning & Associates, PLLC
Brooklyn, New York 11021
ccaukin@jhenninglaw.com

**VIA ECF**
CC:   Seema Kassab, Esq.
       Counsel for Defendants