UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CARLTON ROMAN,

                Plaintiff,

      -against-                              **ORDER**
                                          22 CV 6681 (NGG) (CLP)

THE CITY OF NEW YORK, *et al.*,

                Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On June 26, 2023, the parties, through their counsel, appeared before the undersigned for a status conference to discuss defendants' continued confusion over the scope of the discovery previously ordered by the undersigned in the May 15, 2023 Order granting plaintiff leave to depose certain individuals and directing defendants to produce certain documents. The Court issues this Order to clarify, for the final time, how the parties are to proceed with respect to these depositions and document production.

## PROCEDURAL BACKGROUND

On November 2, 2022, plaintiff Carlton Roman commenced this action alleging, pursuant to 42 U.S.C. § 1983 and state law, *inter alia*, claims of malicious prosecution, evidence fabrication, and Monell municipal liability. (ECF No. 1).[1] The claims relate to plaintiff's arrest in 1989 and his resulting prosecution and conviction, for which he served 31 years until his exoneration in 2021. (Id.)

---

[1] Plaintiff subsequently filed three amended complaints adding several Queens County Assistant District Attorneys as defendants, adding other facts, and correcting a defendant's name. (See ECF Nos. 7, 22, 25).

1

On March 1, 2023, the parties appeared before the Honorable Nicholas G. Garaufis for a pre-motion conference regarding the defendants' anticipated motion to dismiss.[2] (Minute Entry, dated Mar. 1, 2023). During this conference, the district court stayed discovery regarding plaintiff's Monell claim pending resolution of the anticipated motion to dismiss but allowed certain depositions to proceed. (Id.) The court directed the parties to contact the undersigned "to discuss discovery on the other outstanding claims." (Id.) Thereafter, during the March 29, 2023 Initial Conference before the undersigned, and in a subsequent Order, this Court made it clear that documentary discovery regarding plaintiff's non-Monell claims was ordered to proceed. (Electronic Order, dated Apr. 7, 2023).

Despite these prior rulings, defendants continued to withhold certain documents and objected to the depositions of certain individuals as precluded by the district court's ruling in its March 1, 2023 Order, which defendants argued had stayed all discovery except for limited depositions. (ECF Nos. 39, 42).

On May 15, 2023, the undersigned issued an Order clarifying that: (1) discovery on the non-Monell claims had not been stayed; and (2) plaintiff was given leave to depose Lieutenant Frank Torres, Queens County District Attorney Melinda Katz ("DA Katz"), Alice Vachss, Esq., and James Quinn, Esq. The Court Order also directed defendants to produce certain documents that had been requested by plaintiff in a subpoena directed to the Queens County DA's Office; the Court agreed with defendants that the subpoena was improper and the request should have been made to defendants' counsel in the first instance.

---

[2] The parties are currently briefing the motion papers. On March 1, 2023, the district court set a briefing scheduling for defendants' motion to dismiss, which will be fully briefed on July 17, 2023. Pursuant to the district court's bundling rule, which provides that motions papers shall not be filed on the docket until the motion has been fully briefed, the motion papers have not yet been filed on the docket.

On May 23, 2023, defendants moved, pursuant to Federal Rule of Civil Procedure Rule 72, to set aside the undersigned's May 15, 2023 Order.[3] (ECF No. 47). On June 14, 2023, the district court denied defendants' motion; the district court found that the undersigned's May 15, 2023 Order "was consistent with the discovery plan articulated by [the district court] during the March 1, 2023 pre-motion conference and was not clearly erroneous or contrary to law." (Order, dated June 14, 2023).

Merely two days after the district court's order, defendants stated that they were still confused about the scope of the Court's order and once again, the parties were unable to agree as to whether the district court's Order permits them to depose DA Katz, among other witnesses. (ECF Nos. 55-56). To address the issues, the undersigned scheduled and held a conference on June 26, 2023.

## DISCUSSION

I. Discovery on the Non-<u>Monell</u> Claims Has Not Been Stayed

The Court reiterates now that discovery as to plaintiff's non-<u>Monell</u> claims has not been stayed. The district court's March 1, 2023 Order, as issued both during the pre-motion conference and reiterated in the subsequent minute entry, stays discovery *only* as to plaintiff's <u>Monell</u> claims. However, the Order is clear that the district court did *not* stay discovery as to plaintiff's non-<u>Monell</u> claims. Thus, documents and witnesses with information as to plaintiff's malicious prosecution, evidence fabrication, due process claims, civil conspiracy, false arrest, false imprisonment, and negligent infliction of emotional distress claims, all stemming from his prosecution and wrongful conviction, are to be produced.

---

[3] On May 23, 2023, defendants also moved to stay the May 15, 2023 Order pending the district court's ruling on their Rule 72 Motion (ECF No. 48), which the Court granted on May 24, 2023.

3

Defendants' purported confusion as to the scope of the Court's order stems from the explicit exception made by the district court in staying Monell discovery. In addition to allowing discovery to proceed as to plaintiff's non-Monell claims, the district court clearly stated that certain Monell discovery should also proceed. Specifically, the court authorized the depositions of certain elderly witnesses whose testimony relates to plaintiff's Monell claims to proceed so that their testimony would be preserved. Defendants, however, continue in their crabbed reading of the district court's order to insist that only those depositions of elderly witnesses should proceed and that all other depositions, regardless of whether the witness' testimony relates to plaintiff's non-Monell claims, are subject to the district court's stay.

Both the undersigned and the district court have clarified numerous times that non-Monell discovery is to proceed. This Court denied defendants' request to stay discovery during the Initial Conference. The Court then clarified soon after in an electronic order that documentary discovery as to the non-Monell claims was to proceed. After reviewing a partial transcript of the March 1, 2023 conference before the district court (as provided by the defendants), and the parties' letter motions, this Court then issued the May 15, 2023 Order, stating that discovery as to the non-Monell claims was not stayed. Not satisfied, defendants then filed the Rule 72 motion to set aside the May 15, 2023 Order, which the district court denied on June 14, 2023. Indeed, in its Order denying the motion, the district court stated that *"[d]iscovery may proceed on Plaintiff's non-Monell claims."* (Order, dated June 14, 2023) (emphasis added).

Accordingly, the Court reiterates again, **and for the final time**, that discovery regarding plaintiff's non-Monell claims, including depositions and documentary discovery, has **not** been stayed and **may** proceed at this juncture.

II.     Defendants' New Arguments

4

1) <u>Depositions</u>

During the June 26, 2023 conference before this Court, defendants attempted to raise, <u>for the first time before this Court</u>, new arguments as to why DA Katz's deposition should not proceed at this time and why certain documents, such as the Conviction Integrity Unit ("CIU") report that ultimately led to the vacatur of plaintiff's conviction, should not be produced.

With respect to DA Katz, the undersigned's May 15, 2023 Order permitted DA Katz's deposition to go forward because DA Katz is a key witness with information relating directly to plaintiff's non-<u>Monell</u> claims. (May 15, 2023 Order). In 2021, DA Katz submitted an application to the state court seeking to dismiss the underlying indictment that served as the basis for plaintiff's conviction. The state court granted that motion along with a joint motion vacating plaintiff's conviction. ADA Alexis Celestin ("ADA Celestin"), who was responsible for the CIU's reinvestigation and for the preparation of the ultimate report, is not available to testify because she passed away.

In their April 20, 2023 response to plaintiff's original motion to take DA Katz's deposition, defendants did not dispute that DA Katz was the only source who could explain what her office knew and what facts were considered in making the ultimate decision that led to the vacatur of the conviction and dismissal of the underlying indictment. (<u>Id.</u>) Instead, defendants' arguments opposing DA Katz's deposition centered on the district court's Order limiting <u>Monell</u> discovery and their position that DA Katz was not an elderly witness subject to deposition at this time.[4]

---

[4] Defendants continued to argue at the June 26, 2023 conference that Lt. Torres should not be deposed at this time because he was not elderly and there was no concern about preserving his testimony. Again, this argument is based on defendants' misconception that the district court's order limited depositions to those witnesses who were elderly, ignoring the fact that Lt. Torres is being deposed because plaintiffs believe he has information relevant to plaintiff's non-<u>Monell</u> claims.

5

During the June 26, 2023 conference, defendants argued for the first time to the undersigned that DA Katz is not an appropriate witness and, instead, plaintiffs should be required to depose ADA Bryce Benjet, who supervised ADA Celestin's investigation. Defendants also briefly cited those precedents that caution against the depositions of high level government officials when there are other individuals with knowledge who could be deposed. Although defendants, in their Rule 72 motion before the district court, raised the argument that ADA Benjet should be deposed instead of DA Katz, they never raised this argument before this Court during the March 31, 2023 Initial Conference or in their letter motion opposing plaintiff's motion for leave to depose DA Katz. Moreover, despite presenting this argument, and briefing it in their Rule 72 motion, the district court denied their motion and upheld the undersigned's May 15, 2023 Order, ordering depositions to proceed. **Accordingly, the following depositions are ORDERED to proceed:**

- DA Katz;
- Alice Vachss, Esq., as the parties have agreed;
- Lt. Torres, whose testimony would relate to plaintiff's non-Monell claims;[5] and
- James Quinn, Esq., so that his Monell testimony may be preserved in accordance with the district court's March 1, 2023 Order.[6]

**The parties are to meet and confer, and submit a status report to the Court by June 30, 2023 with a deposition schedule.** To the extent defendants wish to narrow the scope of DA Katz's deposition, defendants are to submit a letter motion on that issue by June 27, 2023. Plaintiff is to file a response by June 28, 2023.

---

[5] Plaintiff wishes to depose Lt. Torres regarding information the latter had provided to ADA Celestin during the CIU reinvestigation of plaintiff's conviction. (ECF No. 35).

[6] Mr. Quinn retired from the DA's Office in 2019. Plaintiff seeks to preserve the testimony of Mr. Quinn in support of plaintiff's Monell claims. (See May 15, 2023 Order).

6

2) <u>Document Discovery</u>

During the June 26, 2023 conference, defendants raised a new argument as to why certain documents should not be produced. In particular, defendants argue that the CIU report is protected by the deliberative process privilege and work product privilege. Defendants contend that this is an issue that is currently being litigated in the Court of Claims. However, like their new argument as to why DA Katz's deposition should not go forward, defendants raised these arguments regarding the CIU report for the first time in their Rule 72 motion before the district court; these arguments had never before been raised before the undersigned. In their original motion to quash plaintiff's subpoena requesting the CIU report and other documents, defendants submitted a brief two-page letter arguing that the subpoena should be quashed because it was being served on an inappropriate party and that the district court had stayed all discovery during the March 1, 2023 conference. (ECF No. 42). Nowhere in this letter do defendants argue that any of the documents are privileged.

The Court has previously found that the requested documents are relevant to plaintiff's non-<u>Monell</u> claims, discovery of which has not been stayed. Moreover, defendants raised these arguments before the district court and, the district court ultimately denied defendants' Rule 72 motion. Defendants cannot now belatedly raise an argument before this Court that should have been raised initially months ago. As the Court explained during the June 26, 2023 conference, a party cannot raise one objection, only to not succeed and then continue to raise additional arguments until one ultimately succeeds. Given that the argument relating to this document was presented to the district court, this Court declines to revisit the issue.

**Accordingly, defendants are ORDERED to produce the requested documents, including the CIU report, by July 10, 2023 on a rolling basis. Defendants shall produce the first batch of documents by June 30, 2023.**

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
June 27, 2023

                                        /s/ Cheryl L. Pollak
                                        CHERYL L. POLLAK
                                        United States Magistrate Judge
                                        Eastern District of New York