# LAW OFFICES OF
# JAMES HENNING
### & ASSOCIATES

June 28, 2023

**VIA ECF**
Honorable Cheryl Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                                            **RE:** Carlton Roman v. City of New York, et al.
                                                            22-cv-6681 (NGG)(CLP)

Your Honor:

This Court should decline to consider Defendants' letter motion because all the arguments therein should have been included in their Rule 72 motion and/or have been repeatedly denied. Defendants have attempted to improperly move to reargue when they were essentially directed to brief a proposed protective order. Defendants again advance the familiar (and repeatedly denied) argument that ADA Bryce Benjet should be deposed before, or as a substitute for, DA Melinda Katz. This is not the topic this Court very graciously afforded them an opportunity to brief, and their letter motion should be summarily denied on that basis alone.

Defendants offer no legitimate support for their conclusory claim that, "it is clear that Mr. Benjet would be able to provide significantly more information to Plaintiff as he had more direct involvement in the re-investigation of Plaintiff's conviction." In a written submission in relation to Plaintiff's State action, the Queens District Attorney's Office (hereinafter, "QDA") represented that, "[t]he CIU report is…a useful tool where ADA Celestin could effectively summarize *her* findings and analysis and opinions and *present it to the ultimate decision maker*

on whether Claimant's conviction would be vacated, the District Attorney of Queens County." (emphasis added). Thus, the QDA has represented that ADA Celestin, who is unavailable, would present *her* findings *to DA Katz*, who would use those findings to make *her* ultimate decision—with no apparent involvement by ADA Benjet.

Defendants have argued that ADA Benjet is a more appropriate witness than DA Katz, and that argument has been denied. First by Your Honor after briefing, and then by Judge Garaufis when he denied their Rule 72 motion. Their attempt to belatedly advance new arguments on the basis for DA Katz's deposition is improper and in contrast with this Court's directives. They did not raise these arguments before, and Your Honor was perplexed by their failure to do so. Accordingly, Plaintiff respectfully submits that Defendants have waived these new arguments concerning DA Katz's deposition. As Your Honor noted, Defendants should have raised these arguments previously, and they should not be permitted to re-brief issues because the arguments they chose to make were rejected. Defendants' argument that Plaintiff should be forced to depose ADA Benjet is essentially a motion to compel ADA Benjet's deposition. This is improper both because Your Honor permitted Defendants to write a letter outlining *only why DA Katz's deposition should be limited*, and because they have provided no basis for this Court to grant a motion to compel.

There is no legal authority for Defendants' arbitrary request that DA Katz's deposition be limited to two hours. Notably, such a constriction would be in violation of the Fed. R. of Civ. P, which grant one day of 7 hours. It is also absurd to propose that the QDA will be unable to function if DA Katz sits for her court ordered deposition. Again, this is a contention Defendants were able to make previously but failed to. If it were such a pressing concern, presumably it

2

would have been made before, and there is no reason to consider it at this point. In advancing arguments they were not given leave to submit, Defendants are again attempting – as this Court recognized at the conference before it – to throw everything against the wall and see what sticks.

It should be noted that Defendants have failed to provide Plaintiff any documents to date or any dates for the depositions that Plaintiff has been granted leave to conduct and, thus, are again prioritizing delaying the instant matter through superfluous motion practice over moving the matter forward. Indeed, that Defendants are just now moving to unseal the file for Plaintiff's co-defendant (which they were ordered to produce within three weeks of Your Honor's May 15th Order) as an aside to their letter motion is demonstrative of their continued failure to prioritize adherence to this Court's orders. For all the reasons herein, as well as those in the prior written submissions on this topic, Defendants' motion should be summarily denied.

Respectfully submitted,

_____
JAMES HENNING
Law Offices of James Henning & Associates
Attorneys for Plaintiff
(718) 717-2454
jhenning@jhenninglaw.com

**CC:** Via ECF
All counsel of record

86 Livingston Street Brooklyn, New York 11201    (718) 717-2454

3