UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLTON ROMAN,

                Plaintiff,

         -against-

THE CITY OF NEW YORK, *et al.*,

                Defendants.
------------------------------------------------------------X

**ORDER**
22 CV 6681 (NGG) (CLP)

**POLLAK**, United States Magistrate Judge:

On June 27, 2023, the undersigned reiterated that discovery regarding plaintiff's non-Monell claims, including depositions and documentary discovery, has not been stayed and may proceed at this juncture. (ECF No. 58). Accordingly, the Court Ordered that the parties proceed with deposing Queens County District Attorney Melinda Katz ("DA Katz"). (Id.) The Court also Ordered that, to the extent defendants wish to narrow the scope of DA Katz's deposition, defendants were to submit a letter motion on that issue by June 27, 2023, and plaintiff was to file a response by June 28, 2023. The parties have since briefed the issue.

For the reasons set forth below, the Court grants in part and denies in part defendants' motion.

DISCUSSION

    I.    <u>Scope, Order, and Duration of DA Katz's Deposition</u>

Defendants make three requests with respect to DA Katz's deposition. First, they request that her deposition be limited to: "(1) questions regarding her specific involvement in the Conviction Integrity Unit's ('CIU') re-investigation and/or decision to vacate Plaintiff's underlying conviction; and (2) such related information that cannot be obtained from another source, such as [ADA] Bryce Benjet," who defendants claim had more direct involvement in the

1

re-investigation of plaintiff's claim than DA Katz, who is a high-level government official. (Defs.' Ltr.[1] at 2). Relatedly, defendants request that ADA Benjet be deposed prior to DA Katz. (Id.) Finally, defendants ask that DA Katz's deposition be limited to two (2) hours because her involvement in the re-investigation of plaintiff's conviction was "extremely limited" and that a longer deposition would prevent her from performing her job duties. (Id. at 2-3).

To the extent that defendants requested that DA Katz's deposition be related to her "specific involvement in the decision to move to vacate Plaintiff's conviction, and not delve into other cases or collateral matters and information" (id. at 2), plaintiff has not objected to this request. **Accordingly, the Court grants defendants' request to narrow the scope of DA Katz's deposition as defined.**

However, with respect to whether ADA Benjet is a more appropriate witness and therefore should deposed instead of DA Katz, plaintiff correctly points out that this Court had previously rejected such arguments and Ordered DA Katz's deposition to proceed. (Pl.'s Ltr.[2] at 2). **Thus, while plaintiff is free to take ADA Benjet's deposition, the Court denies defendants' request that ADA Benjet be deposed before DA Katz.**

Lastly, to the extent defendants seek to limit DA Katz's deposition to two (2) hours, the Court denies such a request. However, given defendants' continued assertions that her involvement in the re-investigation was limited and to prevent a prolonged absence from her duties as a high-level government official, **the Court will limit the deposition to four (4) hours, with leave for plaintiff to show good cause for additional time.** Counsel may contact the Court at the conclusion of the scheduled deposition if more time is needed.

---

[1] Citations to "Defs.' Ltr." refer to defendants' letter motion requesting that DA Katz's deposition be narrowed, filed on June 27, 2023 (ECF No. 57).

[2] Citations to "Pl.'s Ltr." refer to plaintiff's opposition letter to defendants' letter motion, filed on June 28, 2023 (ECF No. 59).

II.     Unsealing Order

Defendants raised an additional request that the Court issue an Order to unseal certain prosecutorial files[3] that the Court Ordered defendants to produce to plaintiff on a rolling basis, starting June 30, 2023 and concluding by July 10, 2023.  According to defendants, certain files are currently sealed pursuant to New York Criminal Procedure Law § 160.50 and cannot be obtained without an unsealing order.  (Defs.' Ltr. at 3).  Defendants have submitted a proposed unsealing Order that restricts the use of the records to use in this action.  (ECF No. 57-1).  Having reviewed the proposed unsealing Order, the Court finds that it is proper and So Orders it.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:  Brooklyn, New York
            June 29, 2023

/s/ Cheryl L. Pollak
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York

---

[3] Specifically, the files at issues are documents related to Queens County Indictment Nos. 5392/90 and 5612/90, The People of the State of New York v. Hollis Laylor.  According to plaintiff, Hollis Laylor was plaintiff's co-defendant, all charges against whom were dismissed after unsuccessful attempts to prosecute him, and his file remains intact.  (ECF No. 35 at 5).  In its May 15, 2023 Order, the Court found that these files are relevant to plaintiff's non-Monell claims and therefore directed defendants to produce them.

3

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CARLTON ROMAN,

                              Plaintiff,

       -against-

CITY OF NEW YORK, ET AL.,

                              Defendants.

**ORDER TO UNSEAL INFORMATION PROTECTED BY N.Y. C.P.L. §§ 160.50/55**

22-cv-6681 (NGG) (CLP)

------------------------------------------------------------------ x

**UPON THE COURT'S ORDER** directing Defendants to produce to Plaintiff certain documents related to Queens County Indictment Numbers 5392/90 and 5612/90, *The People of the State of New York v. Hollis Laylor*, which are sealed and protected from disclosure by New York Criminal Procedural Law §§160.50 and/or 160.55;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that all records of non-party Hollis Laylor's prosecutions, arrests and detentions that relate to Queens County Indictment Numbers 5392/90 and 5612/90 in the matters of *the People of the State of New York v. Hollis Laylor* be unsealed and made available to the Honorable Sylvia O. Hinds-Radix, the Corporation Counsel of the City of New York, or to her authorized representatives, for inspection, photocopying, and use in this federal action brought by Carlton Roman; and

**IT IS FURTHER ORDERED** that the City of New York, including the Office of the Corporation Counsel, the Queens District Attorney's Office, the New York City Police Department, and New York City Department of Correction shall not be bound by the statutory sealing requirements of C.P.L. § 160.50 and/or § 160.55 for all documents relating to and arising out of the prosecutions of Hollis Laylor under Queens County Indictment Numbers 5392/90 and 5612/90;

**IT IS FURTHER ORDERED** that defendant City of New York may produce such information subject to C.P.L. §§ 160.50 and 160.55 to plaintiff;

**IT IS FURTHER ORDERED** that the use of the above-referenced records is restricted to use in the above-entitled civil rights action.

**SO ORDERED**.

Dated: June 29, 2023
Brooklyn, New York

*Cheryl L. Pollak*

HON. CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE