

LAW OFFICES OF
# JAMES HENNING
& ASSOCIATES

**VIA ECF**
Honorable Cheryl Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

June 30, 2023

RE: Carlton Roman v. City of New York, et al.
22-cv-6681 (NGG)(CLP)

Your Honor:

     I represent Carlton Roman, Plaintiff in the above-referenced matter, and write to respectfully provide Plaintiff's portion of a joint status report, pursuant to this Court's June 27, 2023, Order.

**Plaintiff's Statement**

     Plaintiff has been attempting to proceed with court-ordered discovery in this matter since the Honorable Nicholas G. Garaufis ordered that it proceed nearly four months ago on March 1, 2023. For much of the intervening time, Plaintiff has also been responding to various filings by Defendants (to wit, a pending Motion to Dismiss, a Rule 72 Motion that was denied, and a letter motion that was denied in part and granted in part). Not a single deposition has been taken in this matter, nor a single requested document provided to Plaintiff by Defendants, as of this writing (by contrast, Plaintiff has provided initial Rule 26 disclosures to Defendants).

     On May 15, 2023, Your Honor issued an Order granting Plaintiff leave to depose four witnesses (DA Melinda Katz, Alice Vachss, Esq., Lt. Frank Torres, and James Quinn, Esq.) and directing Defendants to produce documents requested by Plaintiff via subpoena within three weeks. On May 23rd, Defendants moved pursuant to Rule 72 to set aside Your Honor's May 15th Order. On June 14th, Judge Garaufis denied Defendants' motion.

     Citing their schedule, on June 15, 2023, Defendants indicated that the earliest they would be available for a conference with Your Honor as directed by Judge Garaufis was July 11th and requested that Plaintiff note their unavailability during the first two weeks of August in his letter to the Court. On June 16th, in a letter responding to Plaintiff's missive to this Court, Defendants' counsel wrote that an unrelated matter had resolved and, thus, Defendants were now serendipitously, "more readily available for a conference to discuss next steps regarding discovery over the next several weeks."

     Notwithstanding Judge Garaufis' June 14th Order, Defendants maintained the perplexing stance that the status of discovery was unclear and a conference was held before Your Honor on June 26th. At the conference, Defendants raised new arguments and attempted to revisit arguments that had been denied. Your Honor directed Defendants to produce the documents Plaintiff requested, including the CIU report, on a rolling basis by July 10, 2023, and voiced the expectation that a "large chunk" of the requested

documents would be produced by June 30th. However, Your Honor permitted Defendants to submit a letter motion by June 27th briefing their position as to why the deposition of DA Katz should be limited and directed Plaintiff to respond by June 28th.

Following the conference, Your Honor *ordered the parties to meet and confer*, and to submit a joint status report with a deposition schedule *by* June 30, 2023. After the parties each submitted letter motions on the issue of limiting DA Katz's deposition, Your Honor issued an Order on June 29th granting Defendants' motion in part and denying it in part, in addition to so-ordering an unsealing order sought by Defendants.

On June 27, 2023, after failing to respond to Plaintiff's telephone inquiry concerning the joint status report, Defendants advised Plaintiff by email that they were "conferring with conflict counsel for the upcoming depositions and [would] email [Plaintiff] on Thursday with potential available dates. From there, you can let me know which dates work for you and I can draft a joint status letter for filing and then send it to you for approval/additions." In the interest of efficiency and timeliness, Plaintiff responded with a list of thirteen potential dates for the depositions ordered by Your Honor (7/11, 7/12, 7/13, 7/14, 7/17, 7/19, 7/20, 7/21, 7/24, 7/25, 7/26, 7/27, and 7/28). Plaintiff also listed materials he requested Defendants advise DA Katz to review in advance of her deposition.

On June 29, 2023, Plaintiff repeatedly attempted to contact Defendants throughout the workday to meet and confer as ordered by Your Honor. Defendants did not respond to several voicemails or emails that indicated if Plaintiff did not receive a response, he would unilaterally submit his own portion of the instant status report noting his inability to communicate with them. Plaintiff also indicated that attention to other matters in light of the impending holiday weekend would limit his availability to confer on the 30th. Finally, at 5:45 PM, Defendants sent the following email:

> "I will give you my availability, but since *we're coordinating* depositions of DA Katz and other former QDA employees, *you will need* the schedules of those witnesses *and* the people defending those depositions. I cc'ed Anastasia from the QDA to provide her availability on their end *by tomorrow's deadline*. As for my availability, I am available Aug 15 and onwards (except for Sept 12, 14, and 15). I'm happy to draft the letter due tomorrow *once we all decide on dates*." (emphasis added).

Plaintiff responded, at 6:16 PM, "[w]hat is your availability to meet and confer tomorrow?" To which Defendants responded, at 8:01 PM, "[i]f I'm not mistaken, the only thing we need to meet and confer on is deposition dates, which we can do over email. I don't think there is anything we need to discuss over the phone."

Thus, Defendants delayed in communicating until less than 24 hours remained before this Court ordered the parties to submit a joint status letter accompanied by a deposition schedule, only to advise Plaintiff that: after four months of delay, she remained unavailable until August; the schedules of an unknown number of other parties would still need to be coordinated *by Plaintiff* over the following 24 hours; and, she did not see the need to conduct the court ordered meet and confer by phone. Even if it were feasible to coordinate four depositions with various parties, with differing schedules, by email alone, in less than 24 hours, it seemed evident Defendants were not intending to make any effort to communicate in good faith. Accordingly, at 8:20 PM Plaintiff indicated that he would submit his portion of the joint status report unilaterally in the morning and worked during the evening to compose the instant missive.

2

At 9:21 AM, with less than one business day to meet and confer and craft the deposition schedule, Defendants' counsel broke radio silence and announced:

"I really think we need to cooperate here and submit a joint letter to the Court as ordered. I'm not trying to be difficult, I've been inundated with tight deadlines as this is just one of many cases that I handle. If there is something you see that we need to meet and confer on, please tell me and *I will make myself available*. My understanding though was that we just have to provide a deposition schedule to the court in the status letter. I cc'ed Anastasia so that she can provide dates on her end and we can take care of what needs to be done today." (emphasis added).

Thus, to recap, Plaintiff repeatedly attempted to communicate with Defendants, without success, following Your Honor's directive of this past Monday. Defendants waited until Thursday evening to respond and to advise that schedules other than their own still needed to be obtained and considered. After Plaintiff explicitly detailed that his obligations to unrelated matters required communication in response to Your Honor's Order, Defendants first raised the same concern as an excuse for their failure to communicate on the morning Your Honor directed a status report to be submitted. Defendants conspicuously felt the need to offer that they were "not trying to be difficult." Accordingly, through no fault of Plaintiff's, the parties have been unable to meet and confer or to craft the deposition schedule ordered by Your Honor. As noted, Plaintiff has yet to receive a single document Your Honor ordered Defendants to produce. In a last-ditch effort to communicate with Defendants in adherence with Your Honor's directives, Plaintiff called them again at 11:22 AM on June 30, 2023, and was *again*, for the fourth time in as many days, sent directly to voicemail.

Plaintiff is at a loss. The docket is littered with evidence of delay tactics by Defendants and they persist in such behavior. Despite repeated attempts at communication since Monday, Defendants have frustrated Plaintiff's attempts to adhere to this Court's directive and now expect him to coordinate, by email only, with an unknown number of parties, by the end of the day. Plaintiff respectfully submits that their actions belie their claim that they are not trying to be difficult or delay further and urges this Court to compel Defendants to conduct the court ordered depositions in a timely manner and not to countenance their attempt to delay depositions in this matter for another three months.

Respectfully submitted,

James D. Henning, Esq.
Law Offices of James Henning & Associates
Attorneys for Plaintiff-Carlton Roman

86 Livingston Street Brooklyn, New York 11201 (718) 717-2454

3