

LAW OFFICES OF
## JAMES HENNING
& ASSOCIATES

**VIA ECF**                                          July 11, 2023
Honorable Cheryl Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: <u>Carlton Roman v. City of New York, et al.</u>
22-cv-6681 (NGG)(CLP)

Your Honor,

       Plaintiff objects to consideration of the non-party letter submitted by John Castellano (as well as his attempt to have it considered a notice of appearance). If Your Honor chooses to consider Mr. Castellano's letter, his applications therein should be summarily denied for the following reasons.

       Initially, Mr. Castellano represents DA Melinda Katz, who is a non-party witness to this matter and, thus, has no legitimate standing to move this Court to reconsider its *repeatedly reiterated* orders that his client be deposed and that materials (the CIU report) generated by his employer, the Queens County District Attorney's Office (hereinafter, "QDA"), an entity represented by corporation counsel, be provided to Plaintiff *by today's deadline*. Indeed, as evinced by Mr. Castellano's letter, corporation counsel made objections to these orders, and they have been repeatedly rejected. Moreover, Mr. Castellano was present for the June 26, 2023, conference before Your Honor, where these orders were reiterated for *at least* the fourth time, and he made no statement or objection then. Instead, he remained silent and improperly drafted and submitted a twelve-page "motion for reconsideration" without leave or standing to do so.

       Second, Mr. Castellano's improper attempt at a "motion for reconsideration" is untimely. Discovery was ordered to proceed by the Honorable Nicholas Garaufis on March 1, 2023, over four (4) months ago. On April 7, 2023, Plaintiff was granted leave to depose DA Katz and Defendants were ordered to produce the CIU report. Those orders were upheld by Your Honor on May 15, 2023. They were again upheld on June 14, 2023, when Judge Garaufis denied Defendants' Fed. R. Civ. P. 72 Motion to set aside Your Honor's May 15th ruling. Defendants nevertheless attempted to renew these arguments at the June 26, 2023, conference Mr. Castellano attended—and he was silent. At that conference, Your Honor explained that Defendants had waived the very objections and defenses Mr. Castellano attempts to assert now by failing to make them in a timely fashion. That was over two weeks ago.[1] These arguments

_____

[1] In fact, after that conference, Your Honor graciously afforded Defendants leave to submit a letter motion narrowing the scope of DA Katz's deposition, which Your Honor granted in part and denied in part. Mr. Castellano made no attempt to join that briefing. Now, Mr. Castellano makes a renewed attempt at the same relief, a "protective



remain untimely. In reality, Mr. Castellano's "motion for reconsideration" is an attempt to revive Defendants' denied Fed. R. Civ. P. 72 motion.[2] Indeed, given that this is clearly a non-dispositive motion related to discovery, it should be construed as a Fed. R. Civ. P. 72 motion and barred because "a party may not assign as error a defect in the order not timely objected to." Caidor v. Onondaga Cty., 517 F.3d, 601, 605 (2d Cir. 2008). Even if it were considered a motion for reconsideration, "[A] motion to reconsider is not a vehicle for litigants to make repetitive arguments that the court has already considered and it cannot be used to fill in the gaps of a losing argument." Gupta v. AG of the United States, 52 F. Supp. 3d 677, 679 (S.D.N.Y. 2014). However, whether this Court considers Mr. Castellano's motion a Fed. R. Civ. P. 72 Motion or a motion for reconsideration, it has been made months after he was afforded notice of the Court's repeatedly reiterated ruling and after the same arguments he makes therein have been *repeatedly* denied including by Your Honor "for the final time."

As Your Honor stated in the order of June 27, 2023, "Defendants cannot now belatedly raise an argument before this Court that should have been raised initially months ago…[nor] raise one objection, only not to succeed and then continue to raise additional arguments until one ultimately succeeds." Plaintiff respectfully submits that, similarly, a non-party with express notice of the developments in the instant matter should not be permitted to sit by silently while an actual party makes arguments on his behalf and, when those arguments fail, attempt to insert himself to make additional arguments or revive those that have been denied. DA Katz's deposition was ordered *months* ago. Mr. Castellano, as the DA's counsel, was no doubt aware of this. The same can be said for the order to produce the CIU report, where Mr. Castellano is an executive at the QDA and the DA's counsel.[3] Contrary to the allegations in Mr. Castellano's letter motion, he *did* have an opportunity to argue these issues if he felt the need to do so, and the information he now attempts to bring to this Court's attention *was* available, Mr. Castellano and Defendants simply failed to present it.[4] Their attempt to do so on the eve of court-ordered disclosure and after numerous failed applications and motions on the same issues is wholly inappropriate and untimely.

On June 26, 2023, Your Honor clarified "for the final time" how the parties were to proceed with depositions and document production—including the disclosure of the CIU report and the deposition of DA Katz. **Final means final**. Your Honor should not allow Defendants and Mr. Castellano to make a mockery of this Court's orders. How many bites at the apple are the City and its subsidiaries going to be afforded at Plaintiff's expense? Defendants and Mr. Castellano should not be permitted to ignore this

---

order," that he is aware was briefed and decided more than fourteen days ago (making any Fed. R. Civ. P. 72 Motion untimely).

[2] Indeed, Mr. Castellano makes familiar arguments about "chilling effects" and who the "appropriate" witness for Plaintiff to depose instead of DA Katz would be. These arguments have been repeatedly rejected.

[3] Mr. Castellano was initially listed as a Defendant on Plaintiff's notice of claim in that he was an active participant in the QDA's decades long efforts, under DA Richard Brown, to keep Plaintiff's unjust conviction in place. It is entirely possible that Mr. Castellano has an ulterior interest, aside from those listed in his letter motion, for opposing disclosure of the CIU report for Plaintiff's case. Namely, keeping his own conduct and that of his colleagues in relation to the defense of Plaintiff's unjust conviction concealed.

[4] Mr. Castellano argues that because the CIU report for Plaintiff has been ordered to be disclosed, this will somehow prohibit the QDA from making *timely* objections to disclosure of CIU reports in future civil cases. This is an immaterial red herring. These same objections and defenses will be available in the future, as they *were* here, they will just need to be made at the appropriate juncture.

86 Livingston Street, Brooklyn, NY 11201                                    (718) 717-2454



LAW OFFICES OF

# JAMES HENNING

& ASSOCIATES

Court's orders or litigate in perpetuity until they obtain their desired outcome. Given their duplicitous and inappropriate conduct, this Court should order sanctions pursuant to Fed. R. Civ. P. 37, including, but not limited to, disclosure of the CIU report, fully and in unredacted form, by the close of business today (which was an extension of the deadline imposed by this Court in the first place), rescission of Your Honor's order imposing any restrictions on DA Katz's deposition, and prohibiting Defendants from opposing and presenting defenses against Plaintiff's use of the CIU report to support his claims. The docket strongly indicates that in the absence of consequences, Defendants (and Mr. Castellano) will continue to willfully disobey court orders, obstruct discovery, and prejudice Plaintiff by unnecessarily delaying this case.

Finally, since Mr. Castellano is apparently capable of making himself available to appear before Your Honor at the earliest convenience of this Court to argue *this belated and improper motion*, he should be equally available to represent DA Katz at her court-ordered deposition at any time directed by this Court. Defendants have repeatedly declined to offer the availability of *any* witness during July and implied that Mr. Castellano's availability is in flux but, at the same time, have been conspicuously unwilling to represent that DA Katz's deposition cannot be completed in July. Once again, these acts evince familiar attempts at delay tactics. Accordingly, Plaintiff asks this Court to direct that DA Katz's deposition be held at the earliest possible time considering Mr. Castellano's apparently malleable availability in relation to this matter. Plaintiff anticipates that, if this Court is unable to attend to Mr. Castellano's application to stay the order to disclose the CIU report by the close of business today (a deadline for disclosure that has been extended *at least* twice), Defendants will nevertheless operate as if the stay has been granted and decline to disclose the report. If this is the case, Plaintiff requests sanctions for repeated disregard of clear court orders and obstruction of discovery. Indeed, and perhaps unsurprisingly, in light of Mr. Castellano's letter, Defendants have now written this Court that they are— once again— "unsure of how to proceed" with court-ordered discovery. For all the foregoing reasons, Your Honor should decline to consider Mr. Castellano's letter motion or, alternatively, deny it in its entirety, together with such other and further relief as this Court may deem to be just and proper.[5]

Respectfully submitted,

James D. Henning, Esq.
Law Offices of James Henning & Associates
Attorneys for Plaintiff
(718) 717-2454
jhenning@jhenninglaw.com

---

[5] Further, in an email sent while the instant response was being drafted, Seema Kassab, counsel of record for the Defendant-City in this matter, indicated that someone from her Office would be able to attend a deposition for James Quinn in her stead if she were out of town when Mr. Quinn was available. Accordingly, it appears that there should be no issue with availability for all necessary parties to a July deposition of DA Katz.

86 Livingston Street, Brooklyn, NY 11201                    (718) 717-2454



LAW OFFICES OF

# JAMES HENNING

& ASSOCIATES

**CC:**    VIA ECF
         All counsel of record