Case 1:22-cv-06681-NGG-CLP   Document 72   Filed 07/11/23   Page 1 of 3 PageID #: 1528



**QUEENS COUNTY DISTRICT ATTORNEY**
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568

**MELINDA KATZ**
DISTRICT ATTORNEY

718.286.6000
WWW.QUEENSDA.ORG

July 11, 2023

Honorable Cheryl L. Pollak
United States Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Carlton Roman v. City of New York, et al.*
22-cv-6681 (NGG)(CLP)

Dear Judge Pollak:

I write in reply to the letter of today from Plaintiff's counsel, opposing this Office's request for re-consideration of the Court's discovery orders as they pertain to District Attorney Katz's deposition and the disclosure of the non-final report of the Conviction Integrity Unit (hereinafter, "the report").

First, contrary to Plaintiff's assertion, this Office clearly has standing to object to the discovery sought from it, including the report and extraordinary request to depose the District Attorney herself. *See, e.g.,* Fed. R. Civ. Proc. 45(b)(2)(b). All the more is this so, given the precedential implications of an order compelling such discovery for this Office (as well as other District Attorneys) in reviewing future claims made to the Conviction Integrity Unit. Plaintiff has not and cannot cite a single case holding that a non-party lacks standing to object to discovery sought from him or her.

Indeed, Plaintiff's meritless standing argument ignores the Court's order issued this morning taking our July 10 letter under advisement and directing production of the report *in camera*. Plaintiff also fails to address what I have been told was a statement by this Court at last Friday's conference (which I did not attend because I was outside the country). I believe that, at that time, the Court was informed that the District Attorney's Office intended to make privilege objections and the Court permitted the DA's office to make its objections by July 11.

Second, nowhere in Plaintiff's response does he present arguments disputing the substance or merits of the arguments raised in our July 10 letter. For example, Plaintiff has no answer to this Office's position that the deliberative process privilege and Apex rule apply and that Mr. Benjet is an adequate witness to be deposed in lieu of the District Attorney. Had there been such a meritorious argument to make, no doubt counsel would have raised it in his letter.

As an additional matter, it is important to note that while I was present on the telephone conference of June 26, 2023, at that time, the Office and the District Attorney were being represented by Corporation Counsel, whose representatives spoke on the record. I believe also that permission was requested for my colleague, ADA Spanakos, to speak on the record as to these matters, although that did not occur. Now that I have entered my Notice of Appearance, I believe I have availed myself of the appropriate forum to raise these important issues.

Finally, I cannot let pass unnoticed Plaintiff's scurrilous assertions regarding my character and alleged ulterior motives. It is an old adage that the resort to *ad hominem* attacks is the clearest sign of the absence of a valid argument on the facts or the law.

I am of course available for argument on the motion and once again thank the Court for its consideration of our July 10 letter.

Respectfully Submitted,

John M. Castellano
Counsel to the District Attorney
718-286-5801
jmcastellano@queensda.org

*Carlton Roman v. City of New York, et al.*  3
22-cv-6681 (NGG)(CLP)

cc: Via ECF
     James Henning, Esq.
     Carissa Caukin, Esq.
     Denise Amanda Dessel, Esq.
     Attorneys for Plaintiff

     Seema Kassab, Esq.
     Assistant Corporation Counsel
     Attorney for Defendants