

**VIA ECF**

Honorable United States Magistrate Judge Cheryl Pollak
United States District Court
Eastern District of New York
225 Cadman Plz E.
Brooklyn, New York 11201

                                                **RE:**    Carlton Roman v. The City of New York
                                                                  Case Number: 22-cv-6681(NGG) (CLP)

Your Honor:

       I represent Plaintiff-Carlton Roman in the above referenced matter. I write to make Your Honor aware, in advance of tomorrow's settlement conference, that Plaintiff feels there is very little basis for him to make informed decisions concerning settlement given Defendants' continuous delay tactics and failures to abide by Court orders.

       First and foremost, Defendants—not Plaintiff—requested that this settlement conference take place, during a conference with Your Honor on June 26, 2023. Plaintiff sought discovery to support his claims, and this Court ordered that he receive it, but he has not. Defendants' request for a conference came only after Your Honor had to once again reject several arguments by Defendants that had already been denied nearly five times. Those same arguments that were already denied, namely, arguments relating to DA Katz's deposition and the disclosure of materials including the CIU report, were once again (improperly) raised by Ms. Corsi on July 6, 2023, during a conference with Your Honor. Once again, they were denied. Notably, during that same conference, which Your Honor held to determine why the Court ordered depositions had not been scheduled, Ms. Corsi stated that: "these depositions cannot go forward until after the settlement conference".

       Plaintiff respectfully submits that this statement by Ms. Corsi was an indication that Defendants never intended to comply with Your Honor's orders and indeed, they have largely succeeded in avoiding compliance thus far. In fact, following Your Honor's order that clarified "for the last time" certain discovery was to proceed, and despite his presence (and silence) at the June 26th conference where the same arguments were already raised and denied, ADA John Castellano filed what he characterized as a "motion for reconsideration" on July 10th.[1] This motion raised arguments that have been denied by Your Honor and/or Judge Garaufis nearly five times. During a telephone conversation between Plaintiff and ADA Castellano on July 11th, he

---

[1] Plaintiff respectfully submits that it is highly unlikely ADA Castellano was not considering filing this motion or, indeed, already in the process of drafting it but waiting to see if Ms. Corsi's arguments would succeed, at the time of the telephone conference.

would not provide dates for DA Katz's deposition because his letter motion is pending. He nevertheless maintained the perplexing position that he was not refusing to provide dates. Despite filing the motion himself (and announcing his appearance as DA Katz's counsel at the conference before Your Honor), he also indicated that DA Katz was retaining outside counsel and thus, there would be another delay in order to consider newly obtained counsel's schedule.[2] In effect, ADA Castellano is refusing to comply with this Court's order until he sees whether or not he is successful in the latest attempt to delay this proceeding.

Plaintiff indicated at the June 26th conference, which was the very conference at which Defendants requested tomorrow's settlement conference, that the CIU report and DA Katz's deposition would weigh significantly on his determinations in any effort to settle this matter (outside of his demand). Plaintiff has made it abundantly clear to Defendants: **he is entitled to know what was truly considered before the vacatur of a conviction that forced him to endure over thirty years in prison for crimes he did not commit**. Although the parties were directed to meet and confer, the two depositions that were scheduled (those of Lt. Torres and Mr. Quinn) were scheduled largely because of Plaintiff's efforts, and only after the schedule of Defendants' counsel, Ms. Kassab, ceased to be the paramount concern.

As Plaintiff has made Your Honor aware, the only way to determine what information was considered and led the QDA to join a motion in support of his exoneration is through obtaining the CIU report and deposing DA Katz.[3] The QDA has maintained since Plaintiff's exoneration that "newly discovered evidence" led them to consent to vacate his conviction. Yet, almost all the evidence the QDA cited on the record was raised at trial and on appeal by Plaintiff, or readily available and/or known to police and prosecutors, but the QDA continuously disregarded it as immaterial or procedurally barred for nearly three decades.[4] Thus, it appears to Plaintiff that Defendants are attempting to force him to make a settlement determination without access to materials he has made clear will weigh heavily in that decision. The minimal discovery Plaintiff has been able to access in relation to his State action and based on the scant disclosures in the instant matter has only enhanced his belief in the value of his claims. Plaintiff can only assume the information that Defendants have sought so tenaciously to conceal is also favorable to him. Accordingly, Plaintiff writes to notify this Court in advance of tomorrow's conference that he feels he has very little latitude to settle this matter for any amount other than his full demand.

---

[2] Although Henry Greenberg and Kelly McNamee have submitted notices of appearance in the instant matter, it remains unclear if they have been retained by the QDA to defend DA Katz's deposition or potentially to argue the motion submitted by ADA Castellano. There would seem to be no reason to submit notices of appearance merely to defend the deposition, however, this Court has given no indication that it has granted oral argument on ADA Castellano's letter motion. Indeed, the motion seeks to reverse an order that DA Katz's deposition take place which Your Honor originally issued on May 15, 2023, and reiterated "for the final time" on June 27th.

[3] The QDA's own filings in Plaintiff's State action demonstrate that ADA Alexis Celestin reported her findings to DA Katz, who then made the final decision to vacate Plaintiff's conviction and the underlying indictment.

[4] Moreover, if QDA's "newly discovered evidence" was in fact the evidence cited on the record on the date of Plaintiff's exoneration, then it is remarkable that they would maintain that he should not have access to that information. Indeed, if that evidence is truly the basis for vacating his conviction, he would have already had access to it prior to his exoneration, obviating any need for QDA's continuous attempts to conceal that evidence.

  Out of respect for the Court's time, Plaintiff submits the instant missive to advise Your Honor of the aforementioned in advance of tomorrow's conference. Plaintiff thanks this Court for its time and attention to this matter.

Dated: July 17, 2023

Sincerely,

_____
**Carissa Caukin**, Esq.
Attorney for Plaintiff
Law Offices of James Henning & Associates
86 Livingston Street
Brooklyn, New York 11201

<u>**CC:**</u> All counsel of record