

**VIA ECF**

Honorable United States Magistrate Judge Cheryl Pollak
United States District Court
Eastern District of New York
225 Cadman Plz E.
Brooklyn, New York 11201

                                            **RE:**    Carlton Roman v. The City of New York
                                                        Case Number: 22-cv-6681(NGG) (CLP)

Your Honor,

I represent Plaintiff in the above-referenced matter. As Your Honor is aware, the parties reached a settlement in principle in July 2023 and the terms thereof were finalized in September.

Plaintiff provided all necessary paperwork to Defendants on October 2, 2023. Thus, by law, the settlement payment should have been made available to Plaintiff on December 31st, or—at the latest—January 1, 2024. Thus, by any calculation and pursuant to statutory law, the agreed upon settlement payment should have been made available to Plaintiff before today's date. Indeed, while Plaintiff understands that Defendants' counsels were not obligated to, they agreed verbally and in writing to make efforts to expedite this payment including during the conference with Your Honor at which the settlement terms were finalized. Similarly, Defendants' counsels acknowledged their understanding that a representative for Plaintiff would pick up the settlement payment personally by hand.

However, as of this writing, Defendants have failed to make the agreed upon settlement payment available to Plaintiff.

On January 2, 2024, counsel for Plaintiff made three (3) attempts to contact Alexandra Corsi, co-counsel for Defendants and supervisor of Seema Kassab, counsel of record for Defendants. Counsel left two voicemails but received no response. Upon contacting the Comptroller's Office on the 2nd, a representative refused to offer a telephone number for anyone who might resolve this issue and instead provided only an email contact. When Plaintiff emailed the address provided to confirm that the settlement payment would be available for pick up by hand the following day as explicitly requested, he received a generic reply that his inquiry was received and he could expect a response within ten (10) business days.

On January 3, 2024, counsel for Plaintiff contacted Ms. Kassab, and advised her that Defendants' deadline had expired and Plaintiff was being prejudiced by the ongoing failure to make payment available in accordance with Defendants' representations to Plaintiff and this Court and, indeed, the law. Specifically, Plaintiff has taken out loans in anticipation of receiving the agreed upon settlement payment and, in reliance on the timeframe proscribed by law and the representations of Defendants, advised the loan companies he contracted with that payment could be expected by today's date at the latest. As a

result, the amount Plaintiff will be required to repay will increase should he be unable to honor his debt by close of business today.

Ms. Kassab was unable to provide any substantive response and refused to provide Plaintiff's counsel with updated contact information for Ms. Corsi. She claimed that she personally had no further information on the issue of payment and that the matter was now in the hands of the Comptroller's Office. Although Ms. Kassab indicated she would attempt to contact the Comptroller's Office and circle back to Plaintiff's counsel, she offered no timetable for such efforts.

Very shortly after the most recent conversation with Ms. Kassab, Plaintiff's counsel received an email from the Comptroller's Office representing that, because there had allegedly been "no mention of a wire transfer and/or request for check pick up" checks for the settlement payment dated January 2, 2024, had been placed in the mail and advising that Plaintiff should "allow at least two weeks for the checks to reach its [sic] destination."

This development, which essentially extrajudicially extends Defendants' deadline to make the agreed upon settlement payment available to Plaintiff by at least an additional two weeks, promises to affect significant prejudice upon him. Accordingly, Plaintiff respectfully prays that this Court will intervene and take measures to enforce the legally required timeline acknowledged by counsels for Defendants and make payment available to Plaintiff without further delay, together with any such other and further relief as this Court may deem to be just and proper.

Plaintiff appreciates the Court's time and consideration to this matter and respectfully hopes for an expedient response considering the circumstances.

Dated: January 3, 2024

Sincerely,

*James Henning*
**James Henning**, Esq.
Attorneys for Plaintiff
Law Offices of James Henning & Associates
86 Livingston Street
Brooklyn, New York 11201

**CC:**   All counsel of record