

| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **SEEMA KASSAB**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-0827<br>skassab@law.nyc.gov |

January 4, 2024

**VIA E-MAIL**
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Carlton Roman v. City of New York, et al.</u>
             22-cv-6681 (NGG)(CLP)

Your Honor:

      Defendants write in opposition to plaintiff's letter, dated January 3, 2023, asking that the Court "take measures to enforce the legally required timeline…and make payment available to Plaintiff without further delay." Plaintiff's request should be denied.

      This matter was finally settled on or about October 2, 2023. In connection therewith, the parties submitted a Stipulation and Order of Dismissal that was endorsed by the Court that same day. The submitted Stipulation and Order did not request that the Court retain jurisdiction of this matter for the purposes of enforcing the settlement, nor did the Court indicate that it intended to do so. Moreover, the matter was closed on the civil docket as of October 2, 2023. As the Court did not retain jurisdiction of this matter, Plaintiff's application should be summarily denied.

      In any event, Plaintiff's application is moot because, as Plaintiff seems to acknowledge that he was advised, the New York City's Comptroller's Office mailed the settlement proceeds to counsel on January 2, 2024. Regarding the background of discussions concerning payment of the settlement, by email dated September 27, 2023 the undersigned advised both the Court and Plaintiff's counsel that this Office could arrange for plaintiff to pick up the check to avoid any mailing issues. Plaintiff, however, <u>never</u> advised the Court, this Office, nor the Comptroller's Office, that he intended to pick up the settlement check rather than have it mailed to him.[1]

---

[1] In brief response to Plaintiff's contentions regarding recent communications with this Office, the undersigned notes that Plaintiff failed to advise the Court that the undersigned, in fact, attempted to assist Plaintiff in obtaining information concerning the status of the settlement check. The undersigned spoke to Plaintiff's counsel, Marc Bern, on January 3, 2024 and while I explained that the Comptroller's Office, rather than this Office, would have the necessary information about the

Accordingly, on January 2, 2024, the Comptroller's Office mailed the check to Plaintiff's counsel pursuant to its normal course of business. Furthermore, Defendants note that payment on January 2, 2024 met the statutory deadline for timely payment.[2] Defendants respectfully submit that payment has been timely tendered and there is nothing for the Court to intervene in.[3]

Respectfully submitted,

/s/ *Seema Kassab*
Seema Kassab
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:  Via E-MAIL
James Henning
Carissa Caukin
Marc Bern
*Attorneys for plaintiff*

---

timing of the payment, I offered to contact the Comptroller's Office to inquire. Subsequent to that conversation, the undersigned did, in fact, contact the Comptroller's Office and was advised that the check had been mailed to Plaintiff– I immediately informed Mr. Bern of same.

[2] Plaintiff indicates that the payment was due on December 31, 2023 or January 1, 2024, at the latest. December 31, 2023 was a Sunday and January 1, 2024 was a holiday. Accordingly, the settlement payment was due, and timely made, on January 2, 2024.

[3] Defendants further submit, upon information and belief, that there is no quicker method for Plaintiff to receive the settlement proceeds at this juncture. In the event that Plaintiff is asking the Court to order Defendant City to allow Plaintiff to pick up a replacement check, it would take time to cancel the mailed check, reissue a replacement check, and forward it to the Comptroller's Office for pick up. In short, the process would be no faster than the check currently making its way through the mail.